1

2

3

4

5

6

7

8

9

10

11

12

13

14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHARON ROZEBOOM and ANTHONY LAVALLEY, individually and on behalf of all other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>DIETZ & WATSON, INC.<br><br>Defendant. | Case No.:<br><br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT** |

15    Plaintiffs Sharon Rozeboom and Anthony Lavalley ("Plaintiffs"), individually and on

16 behalf of all other similarly situated current and former employees of Dietz & Watson, Inc.

17 ("Defendant"), and on behalf of the proposed Collective and Washington Rule 23 Classes, bring

18 this action against Defendant for damages and other relief relating to violations of the Fair Labor

19 Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*, the Washington Minimum Wage Act (MWA),

20 Wash. Rev. Code Ann. § 49.46.005, *et seq.*, the Washington Wage Rebate Act (WRA), Wash.

21 Rev. Code Ann. § 49.52.010, *et seq.*, the Washington Industrial Welfare Act (IWA), Wash. Rev.

22 Code Ann. § 49.12.005, *et seq.*, and the Massachusetts Minimum Fair Wage Law (MFWL),

23 Mass. Gen. Laws Ann. ch. 151 § 1, *et seq.* Plaintiffs state the following as their claims against

24 Defendants:

25    **PRELIMINARY STATEMENT**

26    1.    Defendant Dietz & Watson engaged in illegal pay practices.

27    2.    Defendant regularly failed and refused to compensate Plaintiffs and other

28 similarly situated employees properly for all overtime hours worked in violation of the FLSA,

-1-
COLLECTIVE AND CLASS ACTION COMPLAINT

1    MWA, WRA, and MFWL.

2           3.      Plaintiffs and other similarly situated employees work(ed) for Defendant as

3    Merchandisers, merchandising Defendant's deli products in the stores of its customers who sell

4    Defendant's products.

5           4.      During the applicable statutory period, Defendant willfully and recklessly failed

6    to properly pay Plaintiffs and all other similarly situated employees the requisite overtime

7    premiums for all work performed in excess of forty (40) hours in a work week.

8           5.      In light of this systematic and illegal practice, Plaintiffs assert an FLSA cause of

9    action on behalf of themselves, and on behalf of a putative collective action comprised of

10   similarly situated employees who also work(ed) for Defendant as Merchandisers, at any time

11   during the three (3) years prior to the filing of Plaintiffs' original Complaint up until the time

12   Defendant reclassified its employees.

13          6.      Plaintiff Rozeboom also asserts causes of action under Washington law on behalf

14   of herself and a putative class of Merchandisers who work(ed) for Defendant in Washington at

15   any time during the three (3) years prior to the filing of Plaintiffs' original Complaint up until the

16   time Defendant reclassified its employees.

17          7.      Plaintiff Lavalley also asserts a cause of action under Massachusetts law on behalf

18   of himself.

19                                   **JURISDICTION AND VENUE**

20          8.      This action arises under the FLSA, 29 U.S.C. § 201, *et seq.*  The Court has

21   original jurisdiction to hear this Complaint and to adjudicate the claims stated herein pursuant to

22   28 U.S.C. § 1331.

23          9.      This Court also has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over

24   the state-law claims asserted herein, as the state and federal claims derive from a common

25   nucleus of operative fact.

26          10.     Venue is proper in the United States District Court, Western District of

27   Washington pursuant to 28 U.S.C. § 1391, because Plaintiff Rozeboom works in this district and

28   because a substantial part of the events giving rise to the claims occurred in this district.

COLLECTIVE AND CLASS ACTION COMPLAINT

**PARTIES**

11.    Plaintiff Sharon Rozeboom ("Rozeboom") is an individual residing in Bellingham, Washington.

12.    Rozeboom was employed by Defendant from approximately January 2015 through April 2016 as a Merchandiser, and she qualifies as an "employee", within the meaning of the FLSA, 29 U.S.C. § 203(e)(1), RCW 49.46.010(3), and RCW 49.52.050.

13.    Plaintiff Anthony Lavalley ("Lavalley") is an individual residing in Shirley, Massachusetts.

14.    Lavalley was employed by Defendant from approximately January 2015 through December 2016 as a Merchandiser, and qualifies as an "employee", within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and the MFWL, 454 Mass. Code Regs. 27.02.

15.    Defendant Dietz & Watson, Inc. is a foreign corporation that does business in Washington and throughout the country, with its principal place of business in Philadelphia, Pennsylvania.

16.    At all relevevant times, Defendant is, and has been, Plaintiffs' "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), RCW 49.46.010(4), RCW 49.52.050, and the MFWL, 454 Mass. Code Regs. 27.02.

**FACTUAL ALLEGATIONS**

17.    Plaintiffs and similarly situated employees re-allege and incorporate by reference the allegations in the preceding paragraphs.

18.    Defendant is headquartered in Pennsylvania with facilities in Maryland and New York.

19.    According to its website, Defendant is "one of the largest preparers of premium deli meats and artisan cheeses, offering more than 400 products at the finest supermarkets and neighborhood delis throughout the United States and the world."

20.    Defendant operates in interstate commerce by, among other things, selling its products nationwide.

21.    Upon information and belief, Defendant's gross annual sales and business

COLLECTIVE AND CLASS ACTION COMPLAINT

1 transacted is in excess of $500,000.00, at all times relevant herein.

2      22.     Plaintiffs and the similarly situated employees work or worked for Defendant as

3 Merchandisers.

4      23.     Merchandisers' primary job duty was to merchandise Defendant's deli products in

5 the stores of Defendant's customers who sold its products.  This included stocking deli cases,

6 clearing expired products, preparing sales displays, arranging deli cases and end caps according

7 to specified planograms, and training store sales associates in the proper handling and

8 presentation of Defendant's products.

9      24.     Defendant assigned Merchandisers work assignments, and Defendant required

10 them to work long hours in order to complete their job duties and responsibilities.

11      25.     Defendant suffered and permitted Plaintiffs and the similarly situated employees

12 to work more than forty (40) hours per work week.

13      26.     For example, Plaintiff Rozeboom estimates that she worked approximately forty-

14 five (45) to fifty (50) hours and up to approximately seventy (70) hours per work week without

15 receiving overtime wages.

16      27.     Plaintiff Lavalley estimates that he worked an average of approximately forty-five

17 (45) hours and sometimes more per work week without receiving overtime wages.

18      28.     Defendant also failed to provide employees with the rest and meal breaks to

19 which they are entitled, failed to ensure employees take the rest and meal breaks to which they

20 are entitled, and failed to compensate employees for missed rest and meal breaks.

21      29.     Defendant improperly classified Merchandisers as exempt from overtime pay

22 under state and federal law and paid Merchandisers a salary with no additional overtime

23 compensation before Defendant reclassified them in approximately late 2016 or early 2017.

24      30.     In approximately late 2016 or early 2017, Defendant began paying Merchandisers

25 an hourly rate plus overtime premiums.

26      31.     Defendant was aware, or should have been aware, that Plaintiffs and the similarly

27 situated Merchandisers performed non-exempt work that required payment of overtime

28 compensation.

COLLECTIVE AND CLASS ACTION COMPLAINT

1        32.    During their employment with Defendant, Plaintiffs complained to Defendant

2    about their hours worked and lack of overtime pay.  Plaintiff Rozeboom complained to

3    Defendants on multiple occasions regarding the number of hours she worked each week and her

4    lack of additional compensation for her overtime hours.  Similarly, during weeks when Plaintiff

5    Lavalley was especially busy, he complained to management and his immediate supervisor

6    regarding the number of unpaid overtime hours.

7        33.    Defendant's conduct, as set forth in this Complaint, was willful.  Defendant

8    operated under a scheme that has caused significant damages to Plaintiffs and the similarly

9    situated employees.

10                          **COLLECTIVE ACTION ALLEGATIONS**

11       34.    Plaintiffs and the FLSA Collective re-allege and incorporate by reference the

12   allegations in the preceding paragraphs.

13       35.    Plaintiffs bring this action on behalf of themselves and all other similarly situated

14   employees as authorized under the FLSA, 29 U.S.C. § 216(b).

15       36.    In their cause of action, Plaintiffs seek to represent a collective comprised of the

16   following:

17           All persons who are or were employed by Dietz & Watson, Inc. as
             Merchandisers, also referred to as Sales Merchandisers, or who were
18           in other job titles performing similar duties, working within the
             United States at any time from three (3) years prior to the filing of
19           the initial Complaint in this action (the "FLSA Collective").

20

21       37.    Members of the putative FLSA Collective are known to Defendant and are readily

22   identifiable through Defendant's records.

23       38.    As a result of Defendant's misclassification of Merchandisers, Plaintiffs and the

24   putative FLSA Collective are all victims of Defendant's widespread, repeated, systematic, and

25   consistent illegal policies that have resulted in violations of their rights under the FLSA, 29

26   U.S.C. § 201, *et seq.*, and that have caused significant damage to Plaintiffs and the putative

27   FLSA Collective.

28

COLLECTIVE AND CLASS ACTION COMPLAINT

39.     These individuals would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join by filing their written consent with the Court.

40.     Plaintiffs have signed consent forms to join this lawsuit, which are attached hereto as Exhibit A.  As this case proceeds, it is likely other individuals will file consent forms and join as opt-in plaintiffs.

## CLASS ACTION ALLEGATIONS

41.     Plaintiff Rozeboom and the Washington Class re-allege and incorporate by reference the allegations in the preceding paragraphs.

42.     Plaintiff Rozeboom, as a Class Representative, also brings claims for relief for violations of the MWA, the WRA, and the IWA  pursuant to Federal Rule of Civil Procedure 23(a), and (b)(3), on behalf of the following class:

> All persons who are or were employed by Defendant as Merchandisers, also referred to as Sales Merchandisers, or who were in other job titles performing similar duties, working in the State of Washington at any time within three (3) years prior to the filing of Plaintiffs' initial Complaint (the "Washington Class").

43.     Numerosity:     The putative Washington Class includes, upon information and belief, in excess of forty (40) persons, making the group so numerous that joinder of all class members would be impracticable.

44.     Typicality:     Plaintiff Rozeboom's claims are typical of the members of the putative Washington Class.  Plaintiff is informed and believes that, other Merchandisers also worked more than forty (40) hours in a work week during the relevant statutory period.  Further, Plaintiff is informed and believes that, Defendant failed to provide other Merchandisers their legally required rest and meal breaks, and failed to compensate Merchandisers for missed rest and meal breaks.  Plaintiff Rozeboom had similar duties and responsibilities as other members of the putative Washington Class.  Before Defendant reclassified its Merchandisers in approximately late 2016 or early 2017, Plaintiff and the putative Washington Class were subject to Defendant's policy and practice of improperly classifying Merchandisers as "exempt" from federal and state wage and hour laws, failing to pay and willfully withholding appropriate

COLLECTIVE AND CLASS ACTION COMPLAINT

1    overtime compensation.

2        45.    Adequacy:    Plaintiff Rozeboom will fairly and adequately represent the

3    putative Washington Class and her interests are aligned with and do not conflict with those

4    interests of the Classes.  Plaintiffs are represented by competent and experienced counsel who

5    will effectively represent the putative Washington Class.

6        46.    Commonality:   Questions of law and fact are common to the putative Washington

7    Class, as described herein, and these common questions of law and fact predominate over the

8    variations which may exist between members of the class, if any.  These common questions of

9    law and fact include, without limitation:

10           a.    Whether Defendant improperly classified Merchandisers as exempt

11   from overtime pay prior to Defendant reclassifying its Merchandisers in approximately

12   late 2016 or early 2017;

13           b.    Whether Defendant unlawfully failed to pay Merchandisers

14   overtime compensation in violation of Washington law;

15           c.    Whether Defendant engaged in a common course of failing to

16   provide Class members with, and failing to ensure they took, a ten-minute rest break for

17   every four hours worked and a thirty-minute meal break for every five hours worked;

18           d.    Whether Defendant engaged in a common course of failing to pay

19   Class members an additional ten minutes of compensation for each missed rest break and

20   an additional thirty minutes of compensation for each missed meal break;

21           e.    Whether Defendant's violations were willful; and

22           f.    The proper measure of damages sustained.

23       47.    Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3)

24   because common questions of law and fact predominate over any questions affecting only

25   individual Washington Class members, and because a class action is superior to other available

26   methods for the fair and efficient adjudication of this litigation.  This is particularly true in the

27   context of wage and hour litigation where individual plaintiffs likely lack the financial resources

28   to vigorously prosecute separate lawsuits against large corporate defendants.

-7-
COLLECTIVE AND CLASS ACTION COMPLAINT

1      48.      Plaintiff Rozeboom will move to send notice to all members of the putative

2  Washington Class to the extent authorized by the Court and permitted by Federal Rule of Civil

3  Procedure 23.  The names and last-known addresses of the members of the Washington Class are

4  known by Defendant.

5                              **FIRST CAUSE OF ACTION**

6                  **FAILURE TO PAY FEDERAL OVERTIME PREMIUMS**

7            **(The Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*)**

8  *On Behalf of Plaintiffs and the Putative FLSA Collective*

9      49.      Plaintiffs and the putative FLSA Collective re-allege and incorporate by reference

10  the allegations in the preceding paragraphs.

11      50.      The FLSA requires each covered employer to compensate all covered, non-

12  exempt employees at a rate of not less than one-and-one-half (1.5x) times the regular rate of pay

13  for work performed in excess of forty (40) hours per workweek.  29 U.S.C. § 207.

14      51.      Defendant is an "enterprise" as defined by the FLSA, 29 U.S.C. § 2063(r)(1), and

15  is engaged in commerce within the meaning of the FLSA, § 203(b), (s)(1).

16      52.       Plaintiffs and the putative FLSA Collective are non-exempt covered employees

17  within the meaning of the FLSA.  29 U.S.C. § 203(e)(1).

18      53.      Plaintiffs and the putative FLSA Collective regularly worked more than forty (40)

19  hours in a work week for Defendant, but prior to approximately late 2016 or early 2017,

20  Defendant did not properly compensate Plaintiffs or the putative FLSA Collective for all of the

21  overtime hours they worked as required by the FLSA.

22      54.      Defendant did not make a good-faith effort to comply with the FLSA as it relates

23  to the compensation of Plaintiffs and the putative FLSA Collective during the relevant statutory

24  period.

25      55.      Defendant knew Plaintiffs and the putative FLSA Collective worked overtime

26  without proper compensation because it was aware of Merchandisers' work hours was aware or

27  should have been aware that Merchandisers did not qualify for any exemptions, and yet before

28  approximately late 2016 or early 2017, Defendant willfully failed and refused to pay Plaintiffs

-8-
COLLECTIVE AND CLASS ACTION COMPLAINT

1   and the putative FLSA Collective overtime wages at the required overtime rate.  *See* 29 U.S.C. §

2   255.

3       56.     Defendant's willful failure and refusal to pay Plaintiffs and the putative FLSA

4   Collective overtime wages for time worked violates the FLSA.  29 U.S.C. § 207.

5       57.     As a direct and proximate result of these unlawful practices, Plaintiffs and the

6   putative FLSA Collective suffered and continue to suffer wage loss and are therefore entitled to

7   recover unpaid overtime wages for up to three (3) years prior to the filing of their claims,

8   liquidated damages or prejudgment interest, attorneys' fees and costs, and such other legal and

9   equitable relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION

### FAILURE TO PAY WASHINGTON STATE OVERTIME PREMIUMS

### (Washington Minimum Wage Act, RCW 49.46.005, *et seq.*)

*On Behalf of Plaintiff Rozeboom and the Putative Washington Class*

14      58.     Plaintiff Rozeboom and the Washington Class re-allege and incorporate by

15  reference the allegations in the preceding paragraphs.

16      59.     The MWA requires employers to pay overtime compensation to all non-exempt

17  employees for all hours worked over forty (40) in a work week.  RCW 49.46.130.

18      60.     Plaintiff Rozeboom and the putative Washington Class qualify as non-exempt

19  employees entitled to be paid proper overtime compensation for all hours worked.

20      61.     During the relevant statutory period, Plaintiff and the putative Washington Class

21  worked in excess of forty (40) hours in a work week.

22      62.     During the relevant statutory period, and as a result of Defendant's

23  misclassification, Defendant failed and refused to pay Plaintiff Rozeboom and the Washington

24  Class proper overtime compensation for overtime hours worked.

25      63.     As a result of Defendant's failure to pay wages earned and due, Defendant

26  willfully violated the MWA.

27      64.     As a direct and proximate result of Defendant's unlawful conduct, as set forth

28  herein, Plaintiff Rozeboom and the putative Washington Class have sustained damages,

-9-
COLLECTIVE AND CLASS ACTION COMPLAINT

1   including loss of earnings for hours of overtime worked on behalf of Defendant, prejudgment

2   interest, and attorneys' fees and costs, pursuant to RCW 49.46.090 and other applicable law.

3                          **THIRD CAUSE OF ACTION**

4                      **FAILURE TO PROVIDE REST PERIODS**

5                        **(RCW 49.12.020 and WAC 296-126-092)**

6   *On Behalf of Plaintiff Rozeboom and the Putative Washington Class*

7          65.     Plaintiff Rozeboom and the Washington Class re-allege and incorporate by

8   reference the allegations in the preceding paragraphs.

9          66.     RCW 49.12.010 provides that "[t]he welfare of the state of Washington demands

10  that all employees be protected from conditions of labor which have a pernicious effect on their

11  health. The state of Washington, therefore, exercising herein its police and sovereign power

12  declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect."

13         67.     RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any

14  industry or occupation within the state of Washington under conditions of labor detrimental to

15  their health."

16         68.     Under RCW 49.12.005 and WAC 296-126-002, "conditions of labor" "means and

17  includes the conditions of rest and meal periods" for employees.

18         69.     WAC 296-126-092 provides that employees shall be allowed certain paid rest

19  periods during their shifts.

20         70.     Defendant has an obligation to provide employees with the rest breaks to which

21  they are entitled.

22         71.     Defendant has an obligation to ensure that employees take the rest breaks to

23  which they are entitled.

24         72.     Defendant has an obligation to provide employees with ten minutes of additional

25  pay for each missed rest break.

26         73.     By the actions alleged above, Defendant has violated the provisions of RCW

27  49.12.020 and WAC 296-126-092.

28

COLLECTIVE AND CLASS ACTION COMPLAINT

1    74.    As a result of the unlawful acts of Defendant, Plaintiff Rozeboom and members of

2    the Washington Class have been deprived of compensation in amounts to be determined at trial,

3    and Plaintiff Rozeboom and members of the Washington Class are entitled to the recovery of

4    such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

5    **FOURTH CAUSE OF ACTION**

6    **FAILURE TO PROVIDE MEAL PERIODS**

7    **(RCW 49.12.020 and WAC 296-126-092)**

8    *On Behalf of Plaintiff Rozeboom and the Putative Washington Class*

9    75.    Plaintiff Rozeboom and the Washington Class re-allege and incorporate by

10    reference the allegations in the preceding paragraphs.

11    76.    WAC 296-126-092 provides that employees shall be allowed certain meal periods

12    during their shifts, and the meal periods shall be on the employer's time when the employee is

13    required by the employer to remain on duty on the premises or at a prescribed work site in the

14    interest of the employer.

15    77.    Under Washington law, Defendant has an obligation to provide employees with

16    the meal breaks to which they are entitled.

17    78.    Defendant has an obligation to ensure that employees take the meal breaks to

18    which they are entitled.

19    79.    Defendant has an obligation to provide employees with thirty minutes of

20    additional pay for each missed meal break.

21    80.    By the actions alleged above, Defendant has violated the provisions of RCW

22    49.12.020 and WAC 296-126-092.

23    81.    As a result of the unlawful acts of Defendant, Plaintiff and members of the Class

24    have been deprived of compensation in amounts to be determined at trial, and Plaintiff and

25    members of the Class are entitled to the recovery of such damages, including interest thereon,

26    attorneys' fees under RCW 49.48.030, and costs.

27

28

COLLECTIVE AND CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### FIFTH CAUSE OF ACTION

### WILLFUL FAILURE TO PAY WASHINGTON STATE WAGES

#### (Washington Wage Rebate Act, RCW 49.52.010, *et seq*.)

*On Behalf of Plaintiff Rozeboom and the Putative Washington Class*

82.    Plaintiff Rozeboom and the Washington Class re-allege and incorporate by reference the allegations in the preceding paragraphs.

83.    Defendant's violations of RCW 49.46.130, RCW 49.12.020, and WAC 296-126-092, as discussed above, have been willful and thus constitute violations of RCW 49.52.050.

84.    RCW 49.52.070 provides that any employer who violates the provisions of RCW 49.52.050 shall be liable in a civil action for twice the amount of wages withheld, attorneys' fees, and costs.

85.    By the actions alleged above, Defendant has violated the provisions of RCW 49.52.050.

86.    As a result of the willful, wrongful acts of Defendant, Plaintiff Rozeboom and the Washington Class have been deprived of compensation in amounts to be determined at trial and pursuant to RCW 49.52.070, Plaintiff Rozeboom and the Washington Class are entitled to recovery of twice such damages, including interest thereon, as well as attorneys' fees and costs.

### SIXTH CAUSE OF ACTION

### FAILURE TO PAY MASSACHUSETTS STATE OVERTIME PREMIUMS

#### (Massachusetts Minimum Fair Wage Law, Mass. Gen. Laws Ann. ch. 151 § 1, *et seq*.)

*On Behalf of Plaintiff Lavalley Individually*

87.    Plaintiff Lavalley re-alleges and incorporates by reference the allegations in the preceding paragraphs.

88.    The MFWL requires employers to pay overtime compensation to all non-exempt employees for all hours worked over forty (40) in a work week.  Mass. Gen. Laws Ann. ch. 151 § 1A.

89.    Plaintiff Lavalley qualifies as non-exempt employees entitled to be paid proper overtime compensation for all hours worked.

COLLECTIVE AND CLASS ACTION COMPLAINT

90.   During the relevant statutory period, Plaintiff worked in excess of forty (40) hours in a work week during the applicable time period.

91.   During the relevant statutory period, as a result of Defendant's misclassification, Defendant failed and refused to pay Plaintiff Lavalley proper overtime compensation for overtime hours worked.

92.   As a result of Defendant's failure to pay wages earned and due, Defendant willfully and with reckless indifference violated the MFWL.

93.   Defendant's violation of the MFWL was willful and showed reckless indifference to the rights of its employees, making treble damages pursuant to Mass. Gen. Laws Ann. ch. 151 § 1B appropriate.

94.   As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff Lavalley has sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendant, prejudgment interest, treble damages as liquidated damages, and attorneys' fees and costs, pursuant to Mass. Gen. Laws Ann. ch. 151 § 1B and other applicable law.

## PRAYER FOR RELIEF

95.   **WHEREFORE**, Plaintiffs, on behalf of themselves and all members of the putative FLSA Collective, prays for relief as follows:

a)   A finding that Plaintiffs and the putative FLSA Collective are similarly situated;

b)   Certification of this case as a collective action pursuant to 29 U.S.C. § 216(b);

c)   Authorization for the prompt issuance of notice to all those similarly situated, apprising them of the pendency of this action and providing them with the opportunity to assert timely FLSA claims by filing individual consent forms;

d)   Leave to add additional plaintiffs or claims by motion, the filing of written consent forms, or any other method approved by the Court;

e)   A finding that Defendant failed and refused to pay Plaintiffs and

COLLECTIVE AND CLASS ACTION COMPLAINT

1    the putative FLSA Collective all earned wages in violation of the FLSA;

2              f)      Judgment against Defendant for an amount equal to Plaintiffs' and

3    the putative FLSA Collective's unpaid back wages at the applicable overtime rates;

4              g)      A finding that Defendant's violations of the FLSA were willful;

5              h)      An amount equal to Plaintiffs' and the putative FLSA Collective's

6    damages as liquidated damages;

7              i)      All costs and attorneys' fees incurred;

8              j)      An award of any pre- and/or post-judgment interest; and

9              k)      All further relief as the Court deems just and equitable.

10          96.      **WHEREFORE**, Plaintiff Rozeboom, on behalf of herself and the putative

11   Washington Class prays for relief as follows:

12             a)      Certification of the putative Washington Class a class action

13   pursuant to Federal Rule of Civil Procedure 23;

14             b)      A finding that Defendant failed and refused to provide Plaintiff and

15   the putative Washington Class with all wages earned in violation of Washington law;

16             c)      A finding that Defendant failed and refused to provide Plaintiff and

17   the putative Washington Class with the rest and meal breaks to which they are entitled,

18   failed to ensure Plaintiff and the putative Washington Class took those rest and meal

19   breaks, and failed to compensate Plaintiff and the putative Washington Class for missed

20   rest and meal breaks;

21             d)      Judgment against Defendant for an amount equal to Plaintiff

22   Rozeboom and the putative Washington Class's unpaid back wages at the applicable

23   overtime rates;

24             e)      A finding that Defendant acted willfully in failing to pay Plaintiff

25   and the putative Washington Class proper overtime wages;

26             f)      An award of unpaid wages and an equal amount as exemplary

27   damages;

28

-14-

1          g)          An award of any pre- and/or post-judgment interest, as provided by

2    law;

3          h)          All costs and attorneys' fees incurred, as provided by law; and

4          i)          Such other injunctive and equitable relief as the Court may deem

5    just and proper.

6          97.          **WHEREFORE**, Plaintiff Lavalley, on behalf of himself, prays for relief as

7    follows:

8          a)          Leave to amend to add claims on behalf of a Massachusetts class if

9    discovery reveals the putative class would be sufficiently numerous so as to state a claim

10   under Federal Rule of Civil Procedure 23;

11         b)          A finding that Defendant failed and refused to provide Plaintiff

12   with all wages earned in violation of Massachusetts law;

13         c)          Judgment against Defendant for an amount equal to Plaintiff

14   Lavalley's unpaid back wages at the applicable overtime rates;

15         d)          A finding that Defendant acted willfully or with reckless

16   indifference to the rights of its employees;

17         e)          An award of damages equal to unpaid overtime wages, treble

18   damages as liquidated damages, and other damages owed pursuant to Massachusetts law;

19         f)          An award of any pre- and/or post-judgment interest, as provided by

20   law;

21         g)          All costs and attorneys' fees incurred, as provided by law; and

22         h)          Such other injunctive and equitable relief as the Court may deem

23   just and proper.

24

25

26

27

28

COLLECTIVE AND CLASS ACTION COMPLAINT

1

RESPECTFULLY SUBMITTED AND DATED this 21st day of August, 2017.

2

TERRELL MARSHALL LAW GROUP PLLC

3

By:    /s/ Toby J. Marshall, WSBA #32726

4
          Toby J. Marshall, WSBA #32726
          Email: tmarshall@terrellmarshall.com

5
          936 North 34th Street, Suite 300
          Seattle, Washington 98103-8869

6
          Telephone: (206) 816-6603

7
          Facsimile: (206) 319-5450

8
          Rebekah L. Bailey*
          Email: bailey@nka.com

9
          Jason D. Friedman*
          Email: jfriedman@nka.com

10
          NICHOLS KASTER, PLLP

11
          4600 IDS Center
          80 South 8th Street

12
          Minneapolis, Minnesota 55402
          Telephone: (612) 256-3200

13
          Facsimile: (612) 215-6870
          *pro hac vice motion forthcoming

14

15
          *Attorneys for Plaintiffs and the Putative Class and
          Collective Actions*

16

17

18

19

20

21

22

23

24

25

26

27

28

-16-

COLLECTIVE AND CLASS ACTION COMPLAINT