THE HONORABLE RICHARD A. JONES

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## SEATTLE DIVISION

| | |
|---|---|
| SHARON ROZEBOOM and ANTHONY LAVALLEY, individually and on behalf of all other similarly situated individuals,<br><br>        Plaintiffs,<br><br>   v.<br><br>DIETZ & WATSON, INC.<br><br>        Defendant. | Case No.: 2:17-cv-01266-RAJ<br><br>**PLAINTIFFS' MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONDITIONAL COLLECTIVE ACTION CERTIFICATION AND COURT-AUTHORIZED NOTICE**<br><br>**NOTE ON MOTIONS CALENDAR: NOVEMBER 24, 2017** |

Plaintiffs Sharon Rozeboom and Anthony Lavalley ("Plaintiffs"), individually and on behalf of all other similarly situated current and former employees, through their attorneys of record, submit the following motion for collective action certification and authorization of judicial notice:

## INTRODUCTION

Plaintiffs, the opt-in Plaintiffs, and the putative collective (together, "Merchandisers") all worked for Defendant Dietz & Watson, Inc. ("Dietz" or "Defendant") as Merchandisers throughout the country. Regardless of where or when they worked for Defendant, Plaintiffs and the putative collective members shared the same primary job duties: merchandising Defendant's deli products. Dietz deprived all Plaintiffs and similarly situated Merchandisers of statutorily-required overtime compensation as a result of Defendant's illegal company-wide compensation scheme, wherein Dietz misclassified Merchandisers as exempt employees and paid them all a

**NICHOLS KASTER PLLP**
80 South Eighth Street, Ste. 4600
Minneapolis, MN 55402

1    salary.  Dietz failed and refused to pay Merchandisers overtime pay despite the fact that they

2    regularly working more than forty hours per workweek.  This is precisely the type of case that

3    should be, and is commonly, conditionally certified pursuant to the Fair Labor Standards Act

4    (FLSA), 29 U.S.C. § 216(b).  In fact, similar cases involving employees who worked in a similar

5    "merchandiser" position were not only conditionally certified under the lenient first-stage

6    standard, but also survived the employer's motion for "decertification" under the more stringent

7    second-stage standard applied after discovery is complete and the case is ready for trial.  *See,*

8    *e.g., Troy v. Kehe Food Distributors, Inc.*, 276 F.R.D. 642, 649–50 (W.D. Wash. 2011)

9    (conditionally certifying a collective of merchandisers, with similar facts to the present action,

10    using the more stringent second-stage standard).

11         Under the more lenient standard applicable to this Motion, Plaintiffs easily meet their

12    burden of showing that they are "similarly situated."  Notice should now be issued to members

13    of the putative collective notifying them of this lawsuit and providing them with the opportunity

14    to join the case and vindicate their rights collectively.  Accordingly, Plaintiffs respectfully

15    request that the Court grant Plaintiffs' motion and issue an order:

16         1.     Conditionally certifying a collective action comprised of the following similarly-

17    situated individuals:

18
19
20
> All persons who are or were employed by Dietz & Watson, Inc. as Merchandisers, also referred to as Sales Merchandisers, or who were in other job titles performing similar duties, working within the United States at any time from three (3) years prior to prior to the filing of the initial Complaint in this action (the "putative Collective");

21         2.     Directing Defendant to produce to Plaintiffs within seven (7) days of the entry of

22    the Court's Order:

23
24
25
26
> A list, in electronic, delimited, and importable format, of all members of the putative FLSA collective, as defined above, including each putative FLSA collective member's: (1) name, (2) job title, (3) last known mailing address and telephone number, (4) last known personal email address, (5) dates of employment, (6) employee number, and (7) Social Security number (last four digits only);

27         3.     Approving the form and content of Plaintiffs' proposed judicial notice and

28    reminder notice, attached hereto as Exhibits A and B;

PLAINTIFFS' MOTION FOR
CONDITIONAL CERTIFICATION- 2
CASE NO. 2:17-CV-01266-RAJ

NICHOLS KASTER PLLP
80 South Eighth Street, Ste. 4600
Minneapolis, MN 55402

4. Authorizing Plaintiffs to send the proposed judicial notice to all putative collective action members via U.S. Mail and email and to send the reminder notice fifteen (15) days prior to the expiration of the opt-in period; and

5. Providing putative FLSA collective members sixty-days (60) to "opt-in" and join the lawsuit from the time notice is disbursed.

## BACKGROUND

### I)   PROCEDURAL BACKGROUND

Named Plaintiffs Sharon Rozeboom and Anthony LaValley filed this putative class and collective action on August 21, 2017, against their previous employer, Dietz & Watson, Inc., alleging it misclassified Merchandisers and failed and refused to provide them with overtime pay for all hours worked over forty (40) in a workweek in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* and other applicable state wage and hour laws.[1] (Compl., ECF No. 1.)   Plaintiffs brought their suit on behalf of themselves and other "similarly situated" Merchandisers pursuant to § 216(b), defined as:

> All persons who are or were employed by Dietz & Watson, Inc. as Merchandisers, also referred to as Sales Merchandisers, or who were in other job titles performing similar duties, working within the United States at any time from three (3) years prior to the filing of the initial Complaint in this action (the "FLSA Collective").

(*Id*. ¶ 36.)   Since the filing of the Complaint, six additional Merchandisers have joined this action as opt-in Plaintiffs. (*See* Notices of Consent Filings; ECF Nos. 10, 12–13, 16–17.)   Defendant answered on September 25, 2017.  (Ans., ECF No. 14.)

This case remains at the earliest stages of litigation.   The parties filed their joint status report and discovery plan pursuant to Fed. R. Civ. P. 26(f) on October 10, 2017, and the Court issued a Scheduling Order on October 12, 2017.   (ECF Nos. 18–19.)   The parties exchanged initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on October 3, 2017.   Plaintiffs served Defendant with their first set of written discovery requests on October 13, 2017, and Defendant

---

[1] In addition to the FLSA claims, Plaintiffs brought suit under the Washington Minimum Wage Act (MWA), Wash. Rev. Code Ann. § 49.46.005, *et seq.*, the Washington Wage Rebate Act (WRA), Wash. Rev. Code Ann. § 49.52.010, *et seq.*, the Washington Industrial Welfare Act (IWA), Wash. Rev. Code Ann. § 49.12.005, *et seq.*, and the Massachusetts Minimum Fair Wage Law (MFWL), Mass. Gen. Laws Ann. Ch. 151 § 1, *et seq.*  (Compl., ECF No. 1.)  These claims are not relevant to the instant motion.

1    served its first set of written discovery on Plaintiffs on October 18, 2017.  Neither side has yet

2    responded.  No depositions have yet taken place.  (Bailey Decl. ¶¶ 3–6.)

3    **II)    FACTUAL BACKGROUND**

4          **A)    Defendant's Products are Stocked in Stores Nationwide.**

5          Defendant Dietz & Watson, Inc. is a foreign corporation that does business in the State of

6    Washington and throughout the country, with its principle place of business in Philadelphia,

7    Pennsylvania. (Compl. ¶ 15, ECF No. 1; Ans. ¶ 15, ECF No. 14.)  Dietz is "one of the largest

8    preparers of premium deli meats and artisan cheeses, offering more than 400 products at the

9    finest supermarkets and neighborhood delis throughout the United States and the world." Compl.

10   ¶ 19, ECF No. 1; Ans. ¶ 19, ECF No. 14.)  Dietz's cheeses and deli meats are stocked in these

11   grocery stores and delis nationwide primarily by its Merchandiser workforce.

12         **B)    Merchandisers Share Similar Job Duties and Responsibilities.**

13         Plaintiffs and similarly situated employees all worked for Dietz in the same position—as

14   Merchandisers (also referred to as Sales Merchandisers) throughout the country.  (Compl. ¶ 22,

15   ECF No. 1; Pls.' Decls. ¶ 3, Ex. C.)[2]  Named Plaintiff Sharon Rozeboom worked in the State of

16   Washington, from approximately January 2015 through April 2016. (Compl. ¶ 12, ECF No. 1;

17   Ans. ¶ 12, ECF No. 14; Rozeboom Decl. ¶ 3, Ex. C.)  Named Plaintiff Anthony LaValley

18   worked as a Merchandiser for Defendant in the New England region, from approximately

19   January 2015 through December 2016. (Compl. ¶ 14, ECF No. 1; Ans. ¶ 14, ECF No. 14;

20   LaValley Decl. ¶ 3, Ex. C.)  Merchandisers who have opted into this case so far include those

21   who have worked in the Bay Area in California, North Orange County in California, and the

22   greater Chicago region.  (Pls.' Decls. ¶ 3, Ex. C.)

23         No matter where they work, Merchandisers all share the same primary duty: they

24   merchandise Defendant's deli products in retail locations.  (Compl. ¶ 23, ECF No. 1; Pls.' Decls.

25   ¶ 4, Ex. C.)  This requires them to travel to assigned stores, and sometimes fly, to perform

26   merchandising duties as assigned by Dietz, including restocking Dietz products, removing old or

27
28
---
[2]  The following Plaintiffs have provided declarations in support of this Motion, and their declarations are collectively attached to this Motion as Exhibit C:  Sharon Rozeboom, Anthony Lavalley, Leslie Arff, Jenifer Lopez, and Roberta Suchan.

PLAINTIFFS' MOTION FOR
CONDITIONAL CERTIFICATION- 4
CASE NO. 2:17-CV-01266-RAJ

1   damaged products, scanning products for pricing errors, reorganizing shelves, and setting up and

2   taking down store displays.  (Compl. ¶ 23, ECF No. 1; Ans. ¶ 23, ECF No. 14; Pls.' Decls. ¶ 4,

3   Ex. C; Job Description, Ex. D.)   This is a physical job, requiring frequent heavy lifting,

4   pushing/pulling carts, walking, reaching, and bending.  (Job Description, Ex. D.)  Dietz provides

5   the supplies necessary for Merchandisers to perform these duties, including Dietz & Watson

6   branded aprons, toolkits for store display set-up, deli tag kits, signs, and Plan-O-Grams

7   developed by Dietz & Watson to direct Merchandisers' merchandising tasks.  (Pls.' Decls. ¶ 6,

8   Ex. C.)

9       Dietz requires Merchandisers to check in when they arrive at each retail location using

10   Defendant's Survey Application.  (Id. ¶ 5.)  Dietz requires Merchandisers photograph the Dietz

11   & Watson products and displays when they first arrive and again photograph the displays after

12   the Merchandisers perform their merchandising duties.  (Id.)  Merchandisers then upload these

13   photographs to Dietz in its Survey Application and answer questions related to the job tasks they

14   performed.  (Id.)

15       **C)       Merchandisers Are Similarly Paid and Work Unpaid Overtime Hours.**

16       Regardless of the territory or retail locations where they worked, Defendant classified all

17   Merchandisers as exempt, paid them on a salary basis, and failed to pay them overtime

18   premiums.  (Compl. ¶¶ 25–27, 29, ECF No. 1; Ans. at 8 ¶ 29, ECF No. 14 ("Defendant admits

19   that Plaintiffs were paid on a salary basis with no overtime pay…"); Pls.' Decls.' ¶ 8, Ex. C.)

20   Plaintiffs and other Merchandisers indeed routinely worked in excess of forty (40) hours per

21   workweek during the relevant statutory period.  (Compl. ¶¶ 24-25, ECF No. 1; Pls.' Decls.' ¶¶ 7–

22   9, Ex. C.)  In approximately late 2016 or early 2017, Defendant reclassified Merchandisers and

23   began paying them an hourly rate plus overtime premiums.[3]  (Compl. ¶ 29, ECF No. 1; Ans. at 8

24   ¶ 29, ECF No. 14 ("Defendant avers that it reclassified Plaintiff LaValley's position to non-

25   exempt on December 1, 2016…".)  Thus, every day that passes before an interested putative

26

27   _____

28   [3] Plaintiffs request the Court conditionally certify a collective of Merchandisers who worked for Defendant from
August 21, 2014 through the present.  Plaintiffs will meet and confer with Defendant regarding the exact date of
reclassification and may tailor the putative collective to only include Merchandisers from August 21, 2014 through
the date of reclassification.  Plaintiffs are unaware of the exact reclassification date at this time.

PLAINTIFFS' MOTION FOR
CONDITIONAL CERTIFICATION**- 5**
CASE NO. 2:17-CV-01266-RAJ

1    collective action member joins this case is a day less in unpaid overtime backpay that they may

2    seek to recover from this Action.

3

4                                    **LEGAL ARGUMENT**

5    **I)     THE COURT SHOULD CONDITIONALLY CERTIFY THE PROPOSED
             COLLECTIVE ACTION.**

6           Plaintiffs seek conditional certification and court-authorized notice pursuant to 29 U.S.C.

7    § 216(b).  Section 216(b) permits plaintiffs to bring collective actions on behalf of "themselves

8    and other employees similarly situated." § 216(b).  As demonstrated *infra*, Plaintiffs satisfy their

9    lenient burden because all Merchandisers perform substantially similar job duties, are subject to

10   the same compensation structure and performance requirements, and are all uniformly

11   misclassified as exempt from the overtime provisions of the FLSA, 29 U.S.C. § 201, *et seq*.  This

12   showing is not diminished by any argument that Merchandisers do not work the exact same

13   number of hours or by the fact that Merchandisers work at different retail locations. As such,

14   other similarly-situated individuals exist outside of those Plaintiffs who have already opted-in to

15   the lawsuit, and they are entitled to be notified of this lawsuit and their right to join.

16          **A)     The FLSA's Underlying Policy Supports Conditional Certification.**

17          The collective action mechanism serves the "broad remedial purpose" of the FLSA

18   because it avoids the "multiplicity of duplicative suits," by allowing employees, whose claims

19   are often small and not likely to be brought on an individual basis, to join together and "pool []

20   resources" to lower costs and to efficiently resolve common issues of law and fact.  *Hoffmann-La

21   Roche Inc. v. Sperling*, 493 U.S. 165, 171-73 (1989); *see also Bollinger v. Residential Capital,

22   LLC*, 761 F. Supp. 2d 1114, 1119 (W.D. Wash. 2011) ("FLSA collective actions serve to lower

23   the cost of litigation for individual claimants and promote efficiency in resolution of claims and

24   the use of judicial resources.").   The benefits of collective actions, however, "depend on

25   employees receiving accurate and timely notice concerning the pendency of the collective action,

26   so that they can make informed decisions about whether to participate."  *Hoffmann-La Roche

27   Inc.*, 493 U.S. at 170.

28          FLSA collective actions are distinguished from Rule 23 class actions in a few important

PLAINTIFFS' MOTION FOR
CONDITIONAL CERTIFICATION- 6
CASE NO. 2:17-CV-01266-RAJ

NICHOLS KASTER PLLP
80 South Eighth Street, Ste. 4600
Minneapolis, MN 55402

ways.  For one, the standard for conditional certification under the FLSA is much more lenient. *See Troy*, 276 F.R.D. at 649.  Also, once a collective is certified, similarly-situated individuals are not automatically included in the lawsuit; instead, they must affirmatively join, or "opt into," the case. *See* 29 U.S.C. § 216(b); *Bollinger*, 761 F. Supp. 2d at 1119–21.  Importantly, until those individuals opt in, their statute of limitations continues to run, making timely notice critical. *Id* at 1122.  Therefore, it is vital to "provide potential class members with 'accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate.'" *Randolph v. Centene Mgmt. Co.*, No. C14-5730 BHS, 2015 WL 2062609, at *4 (W.D. Wash. May 4, 2015) (quoting *Hoffmann-La Roche Inc.*, 493 U.S. at 170).  Accurate and timely notice is appropriate in this matter, as fully discussed below.

**B)    The Court Should Apply the Stage One Analysis of the FLSA's Two-Stage Certification Process to this Motion.**

The FLSA does not define "similarly situated," nor has the Ninth Circuit provided guidance to the district court on such topic.  Courts in this district, like most others, have adopted a two-step approach to certification of FLSA collective actions. *See Bazzell v. Body Contour Centers, LLC,* No. C16-0202JLR, 2016 WL 3655274, at *4 (W.D. Wash. July 8, 2016) ("[D]istrict courts routinely follow a two-tiered approach in determining whether a case should be certified under 29 U.S.C. § 216(b)."); *see also Randolph*, 2015 WL 2062609, at *2; *Wilson v. Maxim Healthcare Servs., Inc.*, No. C14-789RSL,  2014 WL 7340480, at *2 (W.D. Wash. Dec. 22, 2014); *Thomas v. Kellogg Co.*, No. C13-5136 RBL, 2014 WL 716152, at *1 (W.D. Wash. Jan. 9, 2014); *Bollinger*, 761 F. Supp. 2d at 1119; *Khadera v. ABM Indus. Inc.*, 701 F. Supp. 2d 1190, 1194 (W.D. Wash. 2010) (employing two-tiered approach to FLSA certification).

At the first stage, the "notice" stage, courts determine "whether a collective action should be certified for the purposes of sending judicial notice and conducting discovery." *Bazzell,* 2016 WL 3655274, at *4 (citing *Randolph*, 2015 WL 2062609, at *2).  "For conditional certification, the Court requires little more than 'substantial allegations that the putative class members were together the victims of a single decision, policy, or plan.'" *Randolph*, 2015 WL 2062609, at *2 (quoting *Khadera*, 701 F. Supp. 2d at 1194).  "Because the court has minimal evidence at the

PLAINTIFFS' MOTION FOR
CONDITIONAL CERTIFICATION- 7
CASE NO. 2:17-CV-01266-RAJ

NICHOLS KASTER PLLP
80 South Eighth Street, Ste. 4600
Minneapolis, MN 55402

first stage, the 'similarly situated' determination is made using a 'lenient' standard that 'usually results in [conditional] certification' of a representative class." *Bazzell,* 2016 WL 3655274, at \*4 (quoting *Bollinger*, 761 F. Supp. 2d at 1119).  Indeed, "[a]ll that is required is some modest factual showing that the plaintiff is similarly situated to the potential class." *Id.*  Plaintiffs' burden may be met by detailed allegations supported by a very small number of sworn statements.  *Id.* (citing *Wilson*, 2014 WL 7340480, at \*4 (noting that "[a] handful of declarations may suffice" and granting conditional certification based on four declarations across "three [of defendant's] offices in two states" (internal citation omitted))); *Sanchez v. Sephora USA, Inc.*, No. 11-03396 SBA, 2012 WL 2945753, at \*3 (N.D. Cal. July 18, 2012) (granting certification of a nationwide collective based on five declarations); *Leuthold v. Destination Am., Inc.*, 224 F.R.D. 4962, 468-69 (N.D. Cal. 2004) (granting certification based on three declarations from named plaintiffs); *Escobar v. Whiteside Constr. Corp.*, 2008 WL 3915715, at \*4 (N.D. Cal. Aug. 21, 2008) (granting certification based on three declarations). When the plaintiff can make this minimal showing, the class is conditionally certified and notice is sent to potential class members, giving them an opportunity to toll their statute of limitations by opting-into the lawsuit.

Further, any affidavits submitted by a defendant in opposition to conditional certification can be discounted "because of the risk of bias and coercion inherent in that testimony." *Morden v. T-Mobile USA, Inc.*, No. C05-2112RSM, 2006 WL 2620320, at \*2 (W.D. Wash. Sept. 12, 2006) (citing *Jenson v. Eveleth Taconite Co.*, 139 F.R.D. 657, 664 (D. Minn. 1991)); *see also Khadera*, 701 F. Supp. 2d at 1195 ("These declarations, however, appear to go to merits of Plaintiffs' claims and not to the appropriateness of notice.").  Importantly, at the first stage analysis, "plaintiffs need not conclusively establish that collective action is proper, because defendants will be free to revisit this issue at the close of discovery."  *Wilson*, 2014 WL 7340480, at \*2.  At this early stage, the court need not find uniformity in each and every aspect of employment to determine whether a class of employees are similarly situated.  *See Bollinger*, 761 F. Supp. 2d at 1121; *see also Khadera,* 701 F.Supp.2d at 1194 (certifying a class of janitors that "were not identical—some claimed they worked through meals and breaks, some claimed

NICHOLS KASTER PLLP
80 South Eighth Street, Ste. 4600
Minneapolis, MN 55402

they worked 'off the clock' and some alleged they were not paid for travel time between job sites… because [defendant] had a policy of refusing to pay overtime for all hours worked."). This lenient "similarly situated" standard is satisfied by a showing that "the putative class members had similar job titles, primary job duties, compensation policies, and performance standards. *Randolph*, 2015 WL 2062609, at *4 (granting conditional class certification).

The second stage, the "decertification" stage, occurs "[o]nce discovery is complete and the case is ready for trial." *Bazzell,* 2016 WL 3655274, at *5.  Where, as here, discovery is just beginning, the first stage analysis is appropriate.  *Id.* (applying first stage analysis); *see also Randolph*, 2015 WL 2062609, at *3 (same); *Wilson*, 2014 WL 7340480, at *3 (same); *Khadera,* 701 F.Supp.2d at 1195 (same).  The parties' proposed discovery deadline is September 10, 2018, or 120 days after the opt-in notice period closes (if the Court grants conditional certification), or 120 days after the Court rules on Plaintiffs' motion for conditional class certification (if the Court denies Plaintiffs' motion for conditional certification), whichever is later.  (Dkt. No. 18 at 8.)  The parties have not yet exchanged discovery or taken depositions.  Accordingly, the Court should apply the "lenient" first-stage standard to this Motion and conditionally certify the putative FLSA collective.

### C)   Plaintiffs Have Met the Lenient "Similarly Situated" Standard at This Early Stage of the Litigation.

Plaintiffs more than satisfy their burden to establish the existence of a similarly situated group of workers.  In addition to the substantial allegations made in their complaint, Plaintiffs submit declarations from both named Plaintiffs and three opt-in Plaintiffs, attesting to performing similar job duties and responsibilities across the country.  (*See* Pls.' Decls. ¶¶3–6, Ex. C.)  They all merchandise(d) Defendant's deli products in retail locations using similar supplies.  (*Id.*; Compl. ¶ 23, ECF No. 1); *see also Randolph*, 2015 WL 2062609, at *3 (holding that the "cookie cutter" nature of the declarations does not defeat certification at the lenient first stage).  They tracked their work and submitted paperwork using the same application.  (Pls.' Decls. ¶ 5, Ex. C.)  Merchandisers all receive a salary.  (*Id.* ¶ 8; Compl. ¶ 29, ECF No. 1; Ans. ¶ 29, ECF No. 14.)  Plaintiffs satisfy their lenient burden with this showing of similar treatment

and job duties. *See Randolph*, 2015 WL 2062609, at \*4 (granting conditional certification where class members had similar job titles, primary job duties, compensation policies, and performance standard).

Plaintiffs also attest that they and other members of the putative FLSA Collective were victims of the same misclassification policy and worked overtime hours for which they were not properly compensated. (*See* Pls.' Decls. ¶¶ 7–9, Ex. C.) This common unlawful treatment also warrants conditional certification. *Randolph*, 2015 WL 2062609, at \*2 ("For conditional certification, the Court requires little more than 'substantial allegations that the putative class members were together the victims of a single decision, policy, or plan.'" (quoting *Khadera*, 701 F. Supp. 2d at 1194)); *see also Bazzell*, 2016 WL 3655274, at \*6 (finding plaintiffs "similarly situated" because they were classified as exempt and not paid overtime, and conditionally certifying collective across 12 states); *Labrie v. UPS Supply Chain Solutions, Inc.*, 2009 WL 723599 at \*5 (N.D. Cal. Mar. 18, 2009). ("All that is necessary at this stage is for the plaintiffs to establish that the class was subject to a common policy that allegedly violates the overtime provisions of the FLSA, which they have done.").

Indeed, courts across the country have conditionally certified collectives, like the one Plaintiffs seek to certify here, comprised of merchandisers and other employees performing similar job duties. *See Mott v. Driveline Retail Merch., Inc.*, 23 F. Supp. 3d 483, 490 (E.D. Pa. 2014) (conditionally certifying nationwide merchandiser collective); *Rehberg v. Flowers Baking Co. of Jamestown, LLC*, No. 3:12-cv-00596-MOC-DSC, at \*2 (W.D.N.C. Mar. 22, 2013) (conditionally certifying a group of product distributors, who among other things, restocked shelves with fresh products, removed stale products, and organized shelves); *Killion v. KeHE Distributors, LLC*, 3:12-cv-00470-JZ, at \*3 (N.D. Ohio Oct. 31, 2012) (conditionally certifying a group of employees responsible with ordering replacement products, stocking shelves, setting up displays, and replacing expired products);[4] *Carter v. Anderson Merchs., LP*, No. EDCV 08-25-VAP OPX, 2008 WL 2783193, at \*5 (C.D. Cal. July 10, 2008) (conditionally certifying collective of merchandisers); *Foraker v. Highpoint Sw., Servs., L.P.*, No. CIV.A. H-06-1856,

---

[4] *Rehberg* and *Killion* are attached hereto as Exhibit E.

PLAINTIFFS' MOTION FOR
CONDITIONAL CERTIFICATION- 10
CASE NO. 2:17-CV-01266-RAJ

NICHOLS KASTER PLLP
80 South Eighth Street, Ste. 4600
Minneapolis, MN 55402

2006 WL 2585047, at *3–4 (S.D. Tex. Sept. 7, 2006) (conditionally certifying collective of Merchandisers who built and maintained product displays, tracked and tagged inventory, and processed returns in Home Depot stores).

This Court in *Troy v. Kehe Food Distribs., Inc.*, also conditionally certified a collective of merchandisers, with similar facts to the present action, using the more stringent second-stage standard.[5] 276 F.R.D. at 649–50. In *Troy*, as is the case here, the merchandisers' performed job duties such as "setting up shelves, resetting shelves, and stocking product according to the stores' planograms or schematics." *Id.* Those plaintiffs similarly merchandised food products in supermarkets throughout the United States. *Id.* at 645.

Collectively, these merchandiser cases acknowledge that, "[w]hile undoubtedly the Merchandisers' duties vary to some degree from day-to-day and possibly from location to location," the focus of the job is the same for all Merchandisers. *Foraker*, 2006 WL 2585047, at *5. They all set up and care for defendant's inventory. *Id.* And, they perform this work under a "single job category." *Id.* This Court should similarly conditionally certify this putative Collective based on the similarities shared between Plaintiffs.

### D)   Alleged Differences in Job Duties and Responsibilities, or Work Hours and Locations Does Not Render the Putative Collective Dissimilar.

Defendant may challenge conditional certification with arguments that have been, and should be, soundly rejected by this Court. First, Defendant may challenge the merits of Plaintiffs' claims. Merits-based arguments, however, are premature at this early stage. The Court "does not resolve factual disputes or decide substantive issues going to the merits at this preliminary stage," *Randolph*, 2015 WL 2062609, at *2. The Court likewise does not address manageability arguments at this time; those arguments are reserved for the second stage of the inquiry. *Id.* at *4.

Second, Defendant may present the possibility of individualized differences between Merchandisers. Arguments concerning allegations of individual differences between the

---

[5] The Court also certified the state law claims under Fed. R. Civ. P. 23, under a heightened burden. *Troy*, 276 F.R.D. at 658.

PLAINTIFFS' MOTION FOR
CONDITIONAL CERTIFICATION- **11**
CASE NO. 2:17-cv-01266-RAJ

**NICHOLS KASTER PLLP**
80 South Eighth Street, Ste. 4600
Minneapolis, MN 55402

1  plaintiffs, however, are also not relevant to first-stage conditional certification. *Id*. at *3 ("In

2  deciding whether potential plaintiffs should receive notice, courts do not consider individual

3  differences between putative class members."); *see also Wilson*, 2014 WL 7340480, at *8;

4  *Khadera,* 701 F.Supp.2d at 1194–95; *Morden,* 2006 WL 2620320, at *3. Instead, "[f]act-specific

5  differences between putative class members go to the merits and are properly addressed at the

6  decertification stage." *Id.* (citing *Sanchez*, 2012 WL 2945753, at *4; *Khadera,* 701 F.Supp.2d at

7  1195; *Morden,* 2006 WL 2620320, at *3).

8      Third, Defendant may attempt to point to variance in the amount of hours Merchandisers

9  worked to defeat decertification.  But, hours worked relate to damages, and variations in

10  damages are not considered during the first stage inquiry. *Adams v. Inter-Con Sec. Sys., Inc.*,

11  242 F.R.D. 530, 537 (N.D. Cal. 2007) ("[D]efendant's concern about the potentially

12  individualized nature of determining damages is irrelevant in considering conditional

13  certification. The threshold inquiry does not require that the extent of the potential plaintiffs'

14  damages be identical or even similar. Whether each plaintiff is due a different amount in

15  damages does not affect whether they were 'together the victims of a single decision, policy or

16  plan.'" (quoting *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001)));

17  *see also Marshall v. Louisiana*, No. CV 15-1128, 2016 WL 279003, at *10 (E.D. La. Jan. 22,

18  2016) (holding that damages analysis does not bar certification even though "each individual

19  plaintiff in an FLSA case requires some individualized inquiry into damages based on dates of

20  employment, overtime hours worked, rate of pay, and other facts"); *Musarra v. Digital Dish,*

21  *Inc.*, No. C2-05-545, 2008 WL 818692, at *5 (S.D. Ohio Mar. 24, 2008) (noting that a failure to

22  certify when employees work varying hours would effectively prohibit all collective actions).

23  Time worked is simply not relevant to conditional certification.

24      Because these and similar challenges must fail, and because Plaintiffs have sufficiently

25  demonstrated that they are similarly situated to the putative collective of Merchandisers, the

26  Court should grant Plaintiffs' motion, and conditionally certify the proposed collective.

27  **II)   JUDICIAL NOTICE IS APPROPRIATE.**

28      The benefits provided by the collective action mechanism, as discussed *supra*, "depend

PLAINTIFFS' MOTION FOR
CONDITIONAL CERTIFICATION- **12**
CASE NO. 2:17-cv-01266-RAJ

NICHOLS KASTER PLLP
80 South Eighth St., Ste. 4600
Minneapolis, MN 55402

1    on employees receiving accurate and timely notice concerning the pendency of the collective

2    action, so that they can make informed decisions about whether to participate." *Hoffmann-La*

3    *Roche*, 392 U.S. at 170.   Therefore, it is necessary for early court intervention into the notice

4    process "to assure that the task is accomplished in an efficient and proper way." *Id.* at 170–71.

5    Prompt court action is required because the claims of the putative opt-in plaintiffs are being

6    extinguished or diminished due to the running of the statute of limitations on their claims.

7    *Bollinger*, 761 F. Supp. 2d at 1122.   Thus, the consequence of the FLSA opt-in procedure is self-

8    evident, "every day that passes is a day of damages each potential opt-in plaintiff will be unable

9    to recover.  Court-facilitated notice will prevent the continued erosion of these claims." *Lynch v.*

10   *United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 371 (S.D.N.Y. 2007); *see also Wilson,* 2014 WL

11   7340480, at *1.

12           **A)        The Proposed Notice is Accurate and Informative.**

13           Judicially authorized notice of a collective action under § 216(b) must be "timely,

14   accurate, and informative." *Hoffmann-La Roche*, 493 U.S. at 172.  Plaintiffs' proposed notice

15   will provide current and former employees with an accurate description of this lawsuit, as well as

16   their rights under the FLSA.  (*See* Ex. A.)  The Court should adopt this notice.

17           Plaintiffs request that the Court authorize dissemination of the notice in the form of: (1)

18   mailing of the notice by Plaintiffs' counsel to all members of the putative collective class; and

19   (2) emailing of the notice by Plaintiffs' counsel to all members of the putative collective class to

20   their last known personal and business email address.   Courts across the country agree that

21   issuance of notice through these methods will ensure that all putative Collective members are

22   reached as soon as possible.  *See Bazzell*, 2016 WL 3655274, at *6–8 (approving notice via U.S.

23   mail, email, and posting); *Thomas*, 2014 WL 716152, at *2–3 (approving notice via U.S. mail

24   and email); *see also Boltinghouse v. Abbott Labs., Inc.*, 196 F. Supp. 3d 838, 844 (N.D. Ill. 2016)

25   (approving notice via both U.S. mail and email); *Atkinson v. TeleTech Holdings, Inc.*, No. 3:14-

26   CV-253, 2015 WL 853234, at *5 (S.D. Ohio Feb. 26, 2015) (holding that sending notice by mail

27   and email "advances the remedial purpose of the FLSA" while noting the "current nationwide

28   trend" towards emailing judicial notice in FLSA cases); *Rhodes v. Truman Med. Ctr., Inc.*, No.

PLAINTIFFS' MOTION FOR
CONDITIONAL CERTIFICATION- **13**
CASE NO. 2:17-CV-01266-RAJ

**NICHOLS KASTER PLLP**
80 South Eighth Street, Ste. 4600
Minneapolis, MN 55402

No. 4:13-CV-00990-NKL, 2014 WL 4722285, at *5 (W.D. Mo. Sept. 23, 2014) ("[E]mail provides an efficient and cost-effective means of disseminating notice documents and has been endorsed by courts in the past."); *Prejean v. O'Brien's Response Mgmt., Inc.*, No. CIV.A. 12-1045, 2013 WL 5960674, at *5 (E.D. La. Nov. 6, 2013) (granting request for notice by mail and email since "both e-mail and first-class mail [are] both routine and reasonably calculated to accomplish the broad remedial goals of the notice provision of the FLSA"); No. 4:12CV469, *White v. 14051 Manchester, Inc.*, 2012 WL 5994263, at *8 (E.D. Mo. Nov. 30, 2012) (finding "fair and proper" notice to putative plaintiffs was accomplished by regular mail, electronic mail, and posting in the defendants' break rooms).  One court recognized more than two years ago, the ubiquity of email in people's everyday lives, stating:

> The Court notes that in 2015 it should rarely be entertaining arguments about the appropriateness of email notice.  Email is not the wave of the future; email is the wave of the last decade and a half.  Many people use their email address as their primary point of contact, and in almost every situation, more opt-in plaintiffs will be on notice of a pending collective action if the putative class members are also notified via email.

*Rodriguez v. Stage 3 Separation, LLC*, No. 5:14-CV-00603-RP, at *2 n.1 (W.D. Tex. Mar. 16, 2015)[6]; *see also Pippins v. KPMG LLP*, No. 11 CIV. 0377, 2012 WL 19379, at *14 (S.D.N.Y. Jan. 3, 2012) ("[G]iven the reality of communications today, that the provision of email addresses and email notice in addition to notice by first class mail is entirely appropriate.")  The Court should approve sending notice via U.S. mail and email to members of the putative Collective to inform them of their rights to participate in this lawsuit.

Plaintiffs request that the notice period be set for sixty (60) days, which this Court has previously approved.  *Bazzell*, 2016 WL 3655274, at *6.  Case law in the Ninth Circuit "indicates that a 60-day notice period is appropriate." *Id*. at *6 n.8 (citing *Senne v. Kan. City Royals Baseball Corp.*, 2015 WL 6152476, at *19 (N.D. Cal. Oct. 20, 2015) ("[T]imeframes of sixty to ninety days appear to have become the presumptive standard in this District.")).  Additionally, a sixty-day notice period is shorter and consistent with FLSA notice practices in other courts. *See Osterholt v. Corepower Yoga, LLC*, No. 16 CV 5089, 2017 WL 2180483, at *6

---

[6] *Rodriguez* is attached hereto as Exhibit E.

(N.D. Ill. May 18, 2017) (approving 90-day notice period); *Murphy v. Ajinomoto Windsor, Inc.*, No. 1:15-CV-0120-JAR, 2017 WL 1194455, at *5 (E.D. Mo. Mar. 30, 2017) (finding a 90-day notice period appropriate); *McCloud v. McClinton Energy Grp., L.L.C.*, No. 7:14-CV-120, 2015 WL 737024, at *10 (W.D. Tex. Feb. 20, 2015) (noting most courts allow 60-day notice period in FLSA cases); *Bitner v. Wyndham Vacation Resorts, Inc.*, 301 F.R.D. 354, 362 (W.D. Wis. 2014) (allowing 60-day notice period); *Diaz v. S & H Bondi's Dep't Store*, No. 10 CIV. 7676 PGG, 2012 WL 137460, at *8 (S.D.N.Y. Jan. 18, 2012) (stating 60-day notice period is common in FLSA cases). This Court should follow its previous decision in *Bazzell* and allow a sixty (60) day notice period.

### B)     Reminder Notice is Appropriate.

Plaintiffs also request the Court authorize Plaintiffs to send a reminder notice, attached hereto as Exhibit B, to putative FLSA Collective members within fifteen (15) days prior to the opt-in deadline. This Court in *Bazzell* approved the sending of a reminder letter on or about fifteen days before the opt-in deadline. 2016 WL 3655274 at *6. In *Thomas*, this Court also approved a post-card reminder be sent to all class members who did not return and opt-in form within 30 days. 2014 WL 716152 at *3. "The purpose of a step-one notice is to inform potential class members of their rights," and it is ultimately the responsibility of the putative class member to either join or not join the case. *Knox v. Jones Grp.*, 208 F. Supp. 3d 954, 964 (S.D. Ind. 2016). Approving a reminder notice, the *Knox* Court was "unconvinced that any harm will result from potential class members being informed of their rights twice" since "[d]eadline reminders are commonplace and will not appear to endorse the merits of the case." *Id.* at 964–65. Other courts have similarly allowed reminder notices. *Boltinghouse*, 196 F. Supp. 3d at 844 (finding reminder notice to be sent); *Kidd v. Mathis Tire & Auto Serv., Inc.*, No. 2:14-CV-02298-JPM, 2014 WL 4923004, at *3 (W.D. Tenn. Sept. 18, 2014) (same); *Chhab v. Darden Restaurants, Inc.*, No. 11 CIV. 8345 NRB, 2013 WL 5308004, at *16 (S.D.N.Y. Sept. 20, 2013 (same); *Morris v. Lettire Const., Corp.*, 896 F. Supp. 2d 265, 275 (S.D.N.Y. 2012) ("Given that notice under the FLSA is intended to inform as many potential plaintiffs as possible of the collective action and their right to opt-in, we find that a reminder notice is appropriate."). In keeping with

**NICHOLS KASTER PLLP**
80 South Eighth Street, Ste. 4600
Minneapolis, MN 55402

the purpose of the two-step certification process, this Court should once again approve a reminder notice be sent in this matter.

### C)   The Court Should Order Defendant to Produce Information Necessary for Plaintiffs to Disseminate Notice to the Putative Collective.

The Court should also order Defendant to provide Plaintiffs with a list of all putative FLSA Collective members and their contact information within seven days of the Court's order granting this motion.  The identification of these individuals is necessary for Plaintiffs to provide them with notice of the action as contemplated by the FLSA.  *See Hoffmann-La Roche*, 493 U.S. at 170 (affirming district court decision permitting discovery of the names and addresses of the putative class).  This is precisely the reason why production of a putative class list is routinely disclosed in FLSA collective actions.  *Id*. at 165.  Accordingly, Plaintiffs request that within seven (7) days of the Court's Order, Dietz be required to provide Plaintiffs' counsel with a list of all persons working for Defendant who are, or were, Merchandisers at any time from three years prior to the filing of the Complaint in this case.  This list should be in electronic and importable format, and should include each putative collective member's: (1) name, (2) job title, (3) last known mailing address and telephone number, (4) last known personal email address and work email address if a current employee, (5) dates of employment, (6) employee number, and (7) Social Security number (last four digits only).[7]  *Thomas*, 2014 WL 716152 at *3 (ordering defendants to provide "within 5 days the names, last known addresses, unique employer ID number, telephone numbers, and email addresses of all potential class members in a manipulable electronic format such as Microsoft Excel.").  The Court in *Thomas* further ordered that defendants "shall provide the last four digits of the social security numbers of the class members whose notices are returned without forwarding addresses." *Id*.  The information requested will help Plaintiffs to promptly disseminate the Court-approved notice to the putative collective and to handle returned mail, and it should be provided by Defendant.

---

[7] Due to the three-year time period, Social Security numbers are needed because, for some employees, the contact information Defendant has will likely be outdated.  The Social Security numbers will help in locating current contact information for putative class members.

PLAINTIFFS' MOTION FOR
CONDITIONAL CERTIFICATION**- 16**
CASE NO. 2:17-cv-01266-RAJ

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CONCLUSION

At this preliminary stage, Plaintiffs have met their "lenient burden" of providing "substantial allegations" in support of their claim that they and other Merchandisers are similarly situated. As such, Plaintiffs respectfully request this Court: (1) conditionally certify the collective; (2) authorize Plaintiffs' counsel to disseminate via U.S. Mail and email the proposed notice to all members of the putative FLSA Collective; (3) authorize Plaintiffs' counsel to mail a reminder notice fifteen (15) days prior to close of the 60-day opt-in period; and (4) order Defendant to produce a list of all persons who worked as Merchandisers (or other positons with similar job duties) for Defendant at any time during the last three years, including identification and contact information, within seven (7) days of the Court's Order.

DATED this 6th day of November, 2017.          Respectfully submitted,

**NICHOLS KASTER, PLLP**

/s/ *Jason D. Friedman*
Rebekah L. Bailey*
Jason D. Friedman*
4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Facsimile: (612) 215-6870
bailey@nka.com
jfriedman@nka.com

*Admitted Pro Hac Vice*

**TERRELL MARSHALL LAW GROUP, PLLC**

/s/ *Toby Marshall*
Toby Marshall, WSBA # 32726
936 North 34th Street
Suite 300
Seattle, WA 98103
Telephone: (206) 816-6603
Facsimile: (206) 350-3528
tmarshall@tmdlegal.com

*Attorneys for Plaintiffs, the Putative FLSA Collective, and the Putative Class Members*

PLAINTIFFS' MOTION FOR
CONDITIONAL CERTIFICATION- 17
CASE NO. 2:17-CV-01266-RAJ

NICHOLS KASTER PLLP
80 South Eighth Street, Ste. 4600
Minneapolis, MN 55402

THE HONORABLE RICHARD A. JONES

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

|  |  |
|---|---|
| SHARON ROZEBOOM and ANTHONY LAVALLEY, individually and on behalf of all other similarly situated individuals,<br><br>                  Plaintiffs,<br><br>          v.<br><br>DIETZ & WATSON, INC.<br><br>                  Defendant. | Case No.:  2:17-cv-01266-RAJ<br><br><br>**CERTIFICATE OF SERVICE** |

I hereby certify that on November 6, 2017, I filed the foregoing document via the Court's CM/ECF electronic filing system, which will send notice to the following counsel of record:

> **LITTLER MENDELSON, P.C.**
> Breanne M. Sheetz, WA Bar No. 39632
> Joanne M. Silverstein, WA Bar No. 39632
> One Union Square
> 600 University Street, Suite 3200
> Seattle, WA 98101
> Telephone: (206) 623-3300
> Fax: (206) 447-6965
> bsmartell@littler.com
> jsilverstein@littler.com
> **Attorneys for Defendant**

DATED this 6th day of November, 2017.

/s/ Jason D. Friedman
Jason D. Friedman, *Admitted Pro Hac Vice*