UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHARON ROZEBOOM and ANTHONY LAVALLEY, individually and on behalf of all other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>DIETZ & WATSON, INC.<br><br>Defendant. | Case No.: 2:17-cv-01266-RAJ<br><br>**ORDER** |

This matter comes before the Court on Plaintiffs' Motion for Conditional Collective Action Certification and Court-Authorized Notice. Dkt. # 20. Defendant opposes the motion. Dkt. # 24.[1] For the reasons that follow, the Court **GRANTS in part** the motion.

## I. BACKGROUND

Dietz & Watson, Inc. ("Defendant") is "one of the largest preparers of premium deli meats and artisan cheeses[.]" Dkt. # 1 (Complaint) at ¶ 19. Named Plaintiffs and the class they hope to represent were Merchandisers for Defendant. *Id*. at ¶¶ 12, 14, 22. As

---

[1] The Court strongly disfavors footnoted legal citations. **In its Standing Order, the Court clearly instructed the parties to include citations in the body of the briefing and not in footnotes.** Dkt. # 7 at 4. By including citations in footnotes, the parties violated the Court's Order. Footnoted citations serve as an end-run around page limits and formatting requirements dictated by the Local Rules. *See* Local Rules W.D. Wash. LCR 7(e). Moreover, several courts have observed that "citations are highly relevant in a legal brief" and including them in footnotes "makes brief-reading difficult." *Wichansky v. Zowine*, No. CV-13-01208-PHX-DGC, 2014 WL 289924, at *1 (D. Ariz. Jan. 24, 2014). The Court strongly discourages the parties from footnoting their legal citations in any future submissions. *See Kano v. Nat'l Consumer Co-op Bank*, 22 F.3d 899-900 (9th Cir. 1994).

ORDER- 1

Merchandisers, Plaintiffs primary job duties included "stocking deli cases, clearing expired products, preparing sales displays, arranging deli cases and end caps according to specified planograms, and training store sales associates in the proper handling and presentation of Defendant's products." *Id.* at ¶ 23.

Plaintiffs claim that they were expected to, and did, work more than forty hours per work week. *Id.* at ¶¶ 25-27. Plaintiffs claim that Defendant misclassified the Merchandisers as exempt from overtime pay and therefore paid them a salary that did not account for the overtime. *Id.* at ¶ 29. In late 2016 or early 2017, Defendant reclassified the Merchandisers and "began paying [them] an hourly rate plus overtime premiums." *Id.* at ¶ 30.

Plaintiffs filed suit under the Fair Labor Standards Act (FLSA) and state laws[2] to recover unpaid overtime wages for themselves and others similarly situated for up to three years prior to the filing of their claims. *Id.* at ¶ 57.

## II. LEGAL STANDARD

The FLSA generally requires an employer to pay its employees a rate not less than time and a half their regular rate of pay for all hours worked in excess of forty in one week. 29 U.S.C. § 207(a)(1). Employees may be exempt from overtime requirements under certain circumstances defined by the FLSA and its implementing regulations.

Under the FLSA, plaintiffs may institute a collective action on behalf of themselves and "other employees similarly situated" against an employer who violates the FLSA's overtime requirements. 29 U.S.C. § 216(b). In an FLSA collective action, any similarly situated employee must opt-in to the case following notice, in contrast to Federal Rule of Civil Procedure 23, wherein a class member who does not wish to be bound by the judgment must opt out of the case. *See id.*; Fed. R. Civ. P. 23. In addition, FLSA collective actions are not subject to the numerosity, commonality, and typicality rules of a class action suit brought under Rule 23. Rather, the plaintiff need only show

---

[2] In addition to wage and hour claims, Plaintiffs also bring claims for failure to provide rest and meal breaks. These claims are not at issue in the instant motion.

ORDER- **2**

that she is "similarly situated" to the other members of the proposed class. 29 U.S.C. § 216(b); *see Morden v. T–Mobile USA, Inc.*, No. C05–2112RSM, 2006 WL 2620320, at *2 (W.D. Wash. Sept. 12, 2006). There is, however, little circuit law defining "similarly situated." *See Morden*, 2006 WL 2620320, at *2.

Within the Ninth Circuit, district courts apply a two-tiered approach to certification of a FLSA collective action. *See id.* (citing cases). First, the district court conducts an initial "notice stage" analysis of whether plaintiffs are similarly situated to the proposed class, and determines whether a collective action should be certified for the purpose of sending notice of the action to potential class members. *Id.* (citing *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir.2001)). Although the named plaintiffs bear the burden of showing "substantial similarity" at the notice stage, discovery has not yet occurred, and courts must rely on the pleadings and affidavits submitted by the parties. *Bollinger v. Residential Capital, LLC*, 761 F. Supp. 2d 1114, 1119 (W.D. Wash. 2011). Because the "sole consequence of conditional certification is the sending of court-approved written notice to employees," *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013), little more is required than "substantial allegations, supported by declarations or discovery, that the putative class members were together the victims of a single decision, policy, or plan and a showing that plaintiffs are generally comparable to those they seek to represent," *Heath v. Google Inc.*, 215 F. Supp. 3d 844, 851 (N.D. Cal. 2016) (internal quotation marks omitted). The "similarly situated" standard at this phase is fairly lenient and typically results in certification. *Kress v. PricewaterhouseCoopers, LLP*, 263 F.R.D. 623, 627–28 (E.D. Cal. 2009) (citation omitted).

The second stage generally occurs after the completion of discovery. *Randolph v. Centene Mgmt. Co.*, No. C14-5730 BHS, 2015 WL 2062609, at * 3 (W.D. Wash. May 4, 2015). The party opposing collective certification may then move for decertification, and the court engages in a more searching review. *Leuthold v. Destination Am., Inc.*, 224 F.R.D. 462, 466-67 (N.D. Cal. 2004).

ORDER- **3**

## III. DISCUSSION

In "misclassification" cases such as this one, where the plaintiffs' theory is that defendant misclassified them as exempt, the plaintiffs must show that they and the putative class members performed similar job duties. *Kress*, 264 F.R.D. at 629–30; *Trinh v. JP Morgan Chase & Co.*, No. 07-CV-1666 W(WMC), 2008 WL 1860161, at *13 (S.D. Cal. Apr. 22, 2008). This is because the Court's concern in such cases is "whether plaintiffs' evidence indicates that the propriety of the classification may be determined on a collective basis[.]" *Kress*, 263 F.R.D. at 630. The nature of an employee's job duties dictates whether he falls under an exemption, and thus the similarities between employees' duties dictates whether their claims should be tried together. *See Kress*, 264 F.R.D. at 629–30; *Trinh*, 2008 WL 1860161, at *13. Some courts have also emphasized whether plaintiffs can show that they and the putative class members fell under similar compensation schemes, *Trinh*, 2008 WL 1860161, at *3; *Bollinger*, 761 F. Supp. 2d at 1119; or whether plaintiffs have provided some indication that their claims would rely on common evidence. *See, e.g., Trinh*, 2008 WL 1860161, at *5. *But see Hensley v. Eppendorf N. Am., Inc.*, 2014 WL 2566144, at *7 (S.D. Cal. June 6, 2014) (showing of common proof not necessary at the notice stage where the court could infer its existence from the evidence presented). Critically, plaintiffs need not conclusively establish that collective action is proper, because defendants will be free to revisit this issue at the close of discovery. *Kress*, 264 F.R.D. at 630.

To prove their case, Plaintiffs submitted four declarations. Dkt. # 20-4. At this stage, quantity of declarations is not a determinative factor in granting or denying a motion for conditional certification. *See Wilson v. Maxim Healthcare Servs., Inc.*, No. C14-789RSL, 2014 WL 7340480, at *4 (W.D. Wash. Dec. 22, 2014) (noting that "[t]he general rule for this Circuit is that ... [a] handful of declarations may suffice" and granting conditional certification based on four declarations across "three [of defendant's] offices in two states.") (internal citation omitted); *Sanchez v. Sephora USA, Inc.*, No. 11-03396 SBA, 2012 WL 2945753, at *3 (N.D. Cal. July 18, 2012) (granting

ORDER- **4**

conditional certification of a nationwide collective action based on five declarations); *Gilbert v. Citigroup, Inc.*, No. 08-0385 SC, 2009 WL 424320, at *4 (N.D. Cal. Feb. 18, 2009) (granting conditional certification of a nationwide collective action based on five declarations); *Leuthold v. Destination Am., Inc.*, 224 F.R.D. 462, 468-69 (N.D. Cal. 2004) (granting conditional certification based on three affidavits from named plaintiffs). Neither is the use of "cookie cutter" declarations. *Randolph*, 2015 WL 2062609, at *3 ("At this lenient first stage, however, 'the use of similarly worded or even 'cookie cutter' declarations is not fatal to a motion to certify an FLSA collective action.'") (citing *Bollinger*, 761 F. Supp. 2d at 1120 and *In re Wells Fargo Home Mortg. Overtime Pay Litig.*, 527 F. Supp. 2d 1053, 1060, 1071 (N.D. Cal. 2007)).

Plaintiffs seek certification of a collective class composed of:

> All persons who are or were employed by Dietz & Watson, Inc. as Merchandisers, also referred to as Sales Merchandisers, or who were in other job titles performing similar duties, working within the United States at any time from three (3) years prior to the filing of the initial Complaint in this action (the "FLSA Collective").

Dkt. # 1 (Complaint) at ¶ 36. Plaintiffs' motion is supported by their Complaint, the aforementioned declarations, and a job description lifted from Defendant's website. Dkt. ## 1 (Complaint), 20-4 (declarations), 20-5 (job description). Each submission is consistent, and from this small record Plaintiffs have shown that employees hired as Merchandisers performed the same job duties. *See, e.g.*, Dkt. # 20-4 at 2, 4, 6, 8, 10. Plaintiffs and declarants further state that they worked more than forty hours per week yet were compensated with a salary that did not take into account overtime payment. *Id.* at 3, 5, 7, 9, 11. In their Complaint, Plaintiffs allege that Defendant misclassified Merchandisers as exempt from overtime pay but reclassified these employees sometime in late 2016 or early 2017. Dkt. # 1 (Complaint) at ¶¶ 29, 30.

Plaintiffs' showing, though minimal, is sufficient for the Court to grant conditional certification. This is due to the leniency with which the Court treats the motion. Though the Court finds this decision to be a close one, Plaintiffs have succeeded in plainly

alleging a common policy to classify Merchandisers as exempt, thereby denying them overtime compensation in violation of the FLSA.

Plaintiffs seek the Court's approval of their proposed notice to potential opt-in plaintiffs. Dkt. # 20. The parties disagree on several points, some of which Plaintiffs concede. *See* Dkt. # 28 at 12 n. 9. The Court instructs Plaintiffs to make the appropriate changes consistent with their concessions. *Id.* at 12, 28 (agreeing to add "without receiving overtime pay," accepting a deletion, and agreeing to provide Defendant with fourteen days to produce the notice list). However, the Court overrules Defendant's remaining objections to the proposed notice. Specifically, the Court finds that (1) Plaintiffs may send notice to "those in 'other job titles performing similar duties,'" Dkt. # 24 at 23; (2) Plaintiffs need not inform potential opt-in plaintiffs of their "corresponding responsibilities," *Id.*; (3) Plaintiffs may send notice via both first-class mail and email; (4) Defendant must provide Plaintiffs with telephone numbers and the last four digits of the associated social security numbers so that Plaintiffs may efficiently send out notice to the proper potential opt-in plaintiffs; and (5) the Court approves Plaintiffs' request to send a reminder to the potential opt-in plaintiffs.

**IV. CONCLUSION**

For the foregoing reasons, the Court **GRANTS in part** Plaintiffs' motion. Dkt. # 20. Specifically, the Court **ORDERS**:

1. The putative collective of the following similarly situated persons is hereby conditionally certified under 29 U.S.C. § 216(b);

> All persons who are or were employed by Dietz & Watson, Inc. as Merchandisers, also referred to as Sales Merchandisers, or who were in other job titles performing similar duties, working within the United States at any time from three (3) years prior to prior to the filing of the initial Complaint in this action (the "putative FLSA collective");

2. Within fourteen (14) days of this Order, Defendant shall produce to Plaintiffs the following information for all putative collective members:

> A list, in electronic, delimited, and importable format, of all members of the putative FLSA collective, as defined above, including each putative FLSA collective member's: (1) name, (2) job title, (3) last known mailing address and telephone number, (4) last known personal email address, (5) dates of

ORDER- **6**

employment, (6) employee number, and (7) Social Security number (last four digits only);

3. The proposed notice attached to Plaintiffs' motion as Exhibit A is hereby adopted in part, **Plaintiffs must revise the notice pursuant to this Order**;

4. Plaintiffs' counsel is authorized to disseminate the revised notice by U.S. Mail and email;

5. The proposed reminder notice attached to Plaintiffs' motion as Exhibit B is hereby adopted and shall be disseminated by Plaintiffs' counsel to the putative collective members who had not yet joined fifteen (15) days prior to the expiration of the opt-in period; and

6. The putative collective action members have sixty-days (60) from the date of dissemination of the revised notice to "opt-in" and join the lawsuit.

Dated this 17th day of May, 2018.

The Honorable Richard A. Jones
United States District Judge