1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

THE HONORABLE RICHARD A. JONES

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

SHARON ROZEBOOM, ANTHONY LAVALLEY, BROOKE ALCANTAR, MATTHEW BRESLIN, MICHAEL BRODSKY, KATHY BUCKLEY, GLENN COHEN, TERESA DOAN, JOAN DUARTE, CHRISTIAN GAVILANES, MICHAEL LAGOY, LAURA LAKOWSKI, THOMAS LOBELLO, KAYODE LOTT, THOMAS MAIER, JULIUS MALEK, TINA NESBITT, NELSON ORTEGA, MARK ROHAN, RODNEY ROSS, TRENT RUSSELL, SABRINA SCHOEN, STEPHEN SHRADER, KATHLEEN SUCHAN, ROBERTA SUCHAN, ROBERT TOWNSEL, DOMINICK VITALE, AND RUTH WARREN INDIVIDUALLY AND/OR ON BEHALF OF ALL OTHER similarly situated individuals,

Plaintiffs,

v.

DIETZ & WATSON, INC.,

Defendant.

CASE NO. 2:17-cv-01266-RAJ

**JOINT MOTION FOR PRELIMINARY APPROVAL OF FLSA AND RULE 23 SETTLEMENT**

## INTRODUCTION

Plaintiffs Sharon Rozeboom, Anthony LaValley, and Brooke Alcantar, individually and on behalf of those similarly situated ("Plaintiffs"), and Defendant Dietz & Watson, Inc. ("Defendant") (collectively, "parties"), have reached a proposed settlement of (1) Plaintiffs' unpaid overtime claims arising under the Fair Labor Standards Act ("FLSA") and six other states' wage and hour laws, and (2) a putative Rule 23 California Settlement Class' claims for

JOINT MOTION FOR
PRELIMINARY APPROVAL
OF SETTLEMENT - 1
CASE NO. 2:17-cv-01266-RAJ

NICHOLS KASTER PLLP
80 South Eighth Street, Ste. 4600
Minneapolis, MN 55402

overtime and related wage and hour claims. Through this joint motion, the parties respectfully request that the Court preliminarily approve the proposed settlement.  As detailed below, the proposed settlement and plan of distribution are the product of non-collusive, arm's-length negotiations by experienced and informed counsel.

This settlement is a fair, adequate, and reasonable resolution of the parties' *bona fide* dispute as to liability and damages under the FLSA, parallel state laws, and under California law.  Accordingly, the parties respectfully request that the Court: (1) preliminarily approve the settlement; (2) certify the proposed Rule 23 California Settlement Class for purposes of settlement; (3) appoint Nichols Kaster, PLLP as Class Counsel; (4) approve the form and distribution method of the three proposed Notices of Settlement; and (5) schedule the final approval hearing and deadlines for briefing on the question of whether the proposed settlement should be finally approved as fair, reasonable, and adequate pursuant to Rule 23(e)(2).

**PROCEDURAL AND FACTUAL HISTORY**

**I.      LITIGATION, DISCOVERY, AND SETTLEMENT**

**A.      Procedural History and Claims**

On August 21, 2017, Plaintiffs Sharon Rozeboom and Anthony LaValley filed a collective and class action, alleging that Defendant failed to properly pay them and other similarly situated Merchandisers overtime pay in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), Washington state wage and hour law, and Massachusetts state wage and hour law. (Compl., ECF No. 1.)

On November 6, 2017, Plaintiffs moved to conditionally certify a nationwide FLSA collective action of Merchandisers. (ECF No. 20.)  The Court granted Plaintiffs' motion on May 17, 2018 and certified the following FLSA Collective:

> All persons who are or were employed by Dietz & Watson, Inc. as Merchandisers, also referred to as Sales Merchandisers, or who were in other job titles performing similar duties, working within the United States at any time from three (3) years prior to the filing of the initial Complaint in this action.

JOINT MOTION FOR
PRELIMINARY APPROVAL
OF SETTLEMENT - 2
CASE NO. 2:17-CV-01266-RAJ

**NICHOLS KASTER PLLP**
80 South Eighth Street, Ste. 4600
Minneapolis, MN 55402

(Order, ECF No. 33.)  As a result of conditional certification, the FLSA Collective consists of a total of 91 Plaintiffs and Opt-In Plaintiffs who work(ed) for Defendant across the country.

As contemplated by the proposed settlement, Plaintiffs filed a First Amended Complaint that removed the putative Washington Rule 23 class, added a putative California Rule 23 class, added individual state law claims that correspond with certain Plaintiffs' FLSA claims and other California wage and hour claims, and specified the assertion of overtime claims to cover the period after Defendant reclassified Merchandisers as non-exempt employees in December 2016.  In total, the First Amended Complaint includes the following claims:

- Failure to pay federal overtime premiums under the FLSA, 29 U.S.C. § 201, *et seq.* (Collective Action);
- Failure to pay California overtime premiums under Cal. Wage Order No. 4; Cal. Labor Code §§ 510, 1194 (California Class Action);
- Failure to pay final wages under Cal. Labor Code §§ 201, 202 & 203 (California Class Action);
- Failure to provide accurate itemized wage statements under Cal. Labor Code § 226 (California Class Action);
- California rest break and meal period provisions under Cal. Wage Order No. 4; Cal. Labor Code §§ 226 *et seq.*, 512 (California Class Action);
- California Unfair Competition Law under Cal. Bus. & Prof. Code §§ 17200 *et seq.* (California Class Action);
- Failure to pay overtime premiums under Washington, Massachusetts, New York, Pennsylvania, and Illinois law for individual plaintiffs who worked in these states;
- Failure to provide rest and meal periods under Washington law, RCW 49.12.020 and WAC 296-126-092 for individuals who worked in Washington;
- New York Wage Theft Prevention Act claims for individuals who worked in New York.

(First Amended Compl., ECF No. 87.)

Defendant denies liability and contends that its Merchandisers were properly classified as exempt from federal and state overtime laws, and thus were not entitled to overtime wages, along with other defenses. (Answer, ECF No. 14 at ¶ 53.)  Defendant also maintains that its post-reclassification method of paying overtime compensation complied with state and federal overtime laws.

JOINT MOTION FOR
PRELIMINARY APPROVAL
OF SETTLEMENT - 3
CASE NO. 2:17-CV-01266-RAJ

NICHOLS KASTER PLLP
80 South Eighth Street, Ste. 4600
Minneapolis, MN 55402

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**B.     Discovery and Mediation**

The parties engaged in discovery by exchanging written discovery requests and responses. (Desai Decl. at ¶ 3.)   Defendant produced hundreds of documents, including company policies, job descriptions, performance evaluations, and other documents related to Plaintiffs' job duties; payroll data, showing Merchandisers' weekly earnings and time-off from work; and timekeeping data for the post-reclassification period.  (*Id.*)

The parties subsequently agreed to attend a mediation session, which took place on November 29, 2018, with experienced mediator Richard Sher of Sher Corwin Winters LLC in St. Louis, Missouri.  The parties reached an agreement on the date of the mediation, after accepting a mediator's proposal, and executed a memorandum of understanding on December 3, 2018. (*Id.* at ¶ 4.)  The parties executed their complete settlement agreement on January 4, 2019.  (Ex. 1, Settlement Agreement.)

**II.   EXPLANATION OF THE SETTLEMENT**

**A.     The Scope of the Settlement Class**

The scope of the settlement includes all 91 eligible Plaintiffs and Opt-in Plaintiffs in the conditionally certified collective class, as well as all members of the proposed Rule 23 California Settlement Class defined as "All individuals who are or were employed by Defendant in California as Merchandisers, also referred to as Sales Merchandisers, at any time during the period from August 21, 2013 to December 3, 2018." (Ex. 1, Settlement Agreement at ¶ 17.) There are total of 44 putative Rule 23 California Settlement Class members, 15 of whom are also Opt-in Plaintiffs. Accordingly, there are a total of 120 eligible individuals in the settlement.  (Desai Decl. at ¶ 5.)

The parties stipulated to certification of the Rule 23 California Settlement Class for settlement purposes only.  (*See infra*, Argument Section I, requesting certification of the Rule 23 California Settlement Class.)

JOINT MOTION FOR
PRELIMINARY APPROVAL
OF SETTLEMENT - 4
CASE NO. 2:17-cv-01266-RAJ

NICHOLS KASTER PLLP
80 South Eighth Street, Ste. 4600
Minneapolis, MN 55402

**B.** **The Settlement Amount and Initial Allocation of Settlement Funds**

The proposed settlement resolves the claims of all 120 Opt-in Plaintiffs and putative Rule 23 California Settlement Class Members (collectively, "Settlement Class Members") for $1,675,000.00 ("Gross Settlement Amount"). (Ex. 1, Settlement Agreement at ¶ 20.)  The Gross Settlement Amount will be used to provide compensation to the Settlement Class Members who do not exclude themselves from the settlement, and to pay any approved attorneys' fees, out-of-pocket litigation expenses, settlement administration costs, and proposed service payments to Class Representatives. (*Id.*)

From the Gross Settlement Amount, the following deductions are proposed, subject to Court approval, to create the Net Allocation Fund of $1,225,250.00: (1) $418,750.00 for Plaintiffs' counsel's attorneys' fees (25% of the Gross Settlement Amount); (2) $14,000.00 for Plaintiffs' counsel's out-of-pocket litigation expenses, (3) settlement administration costs up to a maximum amount of $2,500.00, (4) $2,500.00 for a contingency fund to correct any errors relating to the allocations; and (5) Named Plaintiff/Class Representatives' service payments in the amount of $5,000.00 each to Named Plaintiffs Rozeboom and LaValley and $2,000.00 for Named Plaintiff Alcantar. (Ex. 1, Settlement Agreement at ¶ 23.)  Plaintiffs' counsel will petition the Court for approval of these amounts at final approval. Any unused portion of the contingency fund and any unapproved amounts would be reallocated in the final settlement allocations on a *pro rata* basis to those Settlement Class Members included in the final settlement.

To calculate each Settlement Class Member's *pro rata* share of the Net Allocation Fund, Plaintiffs' counsel used each individual's payroll, non-work hours, and timekeeping data from Defendant. (Desai Decl. at ¶ 6.)  Using this data and interviews with Opt-In Plaintiffs, Plaintiffs' counsel conducted an individualized analysis of each Settlement Class Member's potential damages, weeks worked during the relevant statutory period, salary earnings and non-work hours as reflected in the payroll data, and applied a uniform estimate of overtime hours

JOINT MOTION FOR
PRELIMINARY APPROVAL
OF SETTLEMENT - 5
CASE NO. 2:17-CV-01266-RAJ

**NICHOLS KASTER PLLP**
80 South Eighth Street, Ste. 4600
Minneapolis, MN 55402

worked each week. (*Id.*)   Additional discounts were applied to both the California Rule 23 overtime claims and to the remaining California Rule 23 claims (i.e., meal and rest break, waiting time, and itemized wage statement claims) to account for additional risks of litigation, including certification, based on the assessment of Plaintiffs' counsel.   (*Id.*)   In an effort to provide meaningful recovery for Settlement Class Members' FLSA claims, the parties also agreed to institute a $250.00 minimum settlement amount floor.[1]   (*Id.* at ¶ 7.)

Lastly, Plaintiffs' counsel calculated the full potential recovery to be approximately $5,167,000. (*Id.* at ¶ 8.)   The $1,675,000 Gross Settlement Amount provides a significant recovery for Settlement Class Members, with an individual average recovery of approximately $9,900, *after* the deduction of attorneys' fees and out-of-pocket litigation costs, settlement administration costs, the contingency fund, and service payments.

## C.  Notice of Settlement to the Settlement Class Members and Release of Claims

The parties request approval of three Notices of Settlement to: (1) Opt-in Plaintiffs only ("FLSA Notice"), (2) Rule 23 California Settlement Class members only ("Rule 23 Notice"), and (3) Opt-in Plaintiffs who are also Rule 23 California Settlement Class members ("FLSA and Rule 23 Notice"). The three Notices are tailored to each group receiving the Notice, which will help avoid confusion regarding the settlement.  Further, to save costs and allow more of the settlement funds to be allocated to Settlement Class Members, the parties also propose that Plaintiffs' counsel serve as the administrator for disseminating the Notices and receiving the Settlement Class Members' responses to the settlement.   The parties propose a different administrator, JND Legal Administration, to process and disseminate the settlement funds.

---

[1] The Settlement Agreement also provides that if more than two individuals reject or opt-out of the Settlement, Defendant shall have the right to void the Settlement by providing written notice of such election to Plaintiffs' Counsel within 14 days of the Participation Deadline.  (Ex. 1, Settlement Agreement at ¶ 48.)

JOINT MOTION FOR
PRELIMINARY APPROVAL
OF SETTLEMENT - 6
CASE NO. 2:17-CV-01266-RAJ

NICHOLS KASTER PLLP
80 South Eighth Street, Ste. 4600
Minneapolis, MN 55402

If the Court grants the proposed Notices, Plaintiffs' counsel will mail the Notices via U.S. postal mail to Settlement Class Members' last known address, which will be determined by Plaintiffs' counsel upon reviewing information provided by Defendant and updating listed addressed through the use of available address databases. (Ex. 1, Settlement Agreement at ¶ 61.)  To help ensure the receipt of the Notices, Plaintiffs' counsel will also distribute them via email to each Settlement Class Member's last known personal email address. (*Id.*)

All three Notices will inform the Settlement Class Members of their *pro rata* share of the Net Settlement Amount.  The Notices will also explain to the recipient why they are receiving the Notice, and will be followed with an explanation about the lawsuit, how the settlement was reached, how their settlement offers were calculated, and what the benefits and consequences to settlement are.  The Notices further provide information as to who Plaintiffs' counsel are and how they will be paid.  The Notices and Settlement Agreement set forth the options that Settlement Class Members have with respect to the settlement and the consequences that flow from each option in terms of payment and dismissal and release of claims.  (Ex. 1, Settlement Agreement at ¶¶ 39-42, 54-58; Exs. 2-4, Proposed Notices.)

**D.     The Final Distribution of Settlement Funds to Settlement Class Members**

If the Court grants preliminary approval of the proposed settlement, Settlement Class Member will have sixty (60) days from the date the Notices were mailed and emailed to respond.  Those FLSA Collective Members who complete the Release of Claims Form and those members of the Rule 23 California Settlement Class who do not opt out of the settlement within the 60-day deadline ("Participating Settlement Class Members") will have settlement proceeds distributed to them on a *pro rata* basis, as explained above.  After expiration of the 60-day deadline, any unused or unclaimed funds (including any amounts not used from the contingency fund, as well as any amounts not approved by the Court for attorneys' fees and out-of-pocket litigation costs, settlement administration, and Named Plaintiff/Class Representative service awards) will be reallocated *pro rata* to Participating Settlement Class

NICHOLS KASTER PLLP
80 South Eighth Street, Ste. 4600
Minneapolis, MN 55402

1   Members. No part of the Gross Settlement Amount shall be retained by Defendant other than:

2   (1) any portion of the Net Allocation Fund and associated *pro rata* share of attorneys' fees

3   allocated to potential Settlement Class Members who decline to participate in the settlement

4   and request withdrawal of their opt-in consent form; and (2) any portion of the Net Allocation

5   Fund and associated *pro rata* share of attorneys' fees to potential Settlement Class Members

6   who opt out of the Rule 23 California Settlement Class.  (Ex. 1, Settlement Agreement at ¶ 43.)

7         After the final allocation amounts have been determined, the Settlement Agreement

8   provides that the Settlement Administrator, JND Legal Administration, will send each

9   Participating Settlement Class Member two settlement checks consisting of the following: (a)

10   one-half of each Settlement Class Member Payment will be paid and reported as wages for tax

11   purposes, subject to withholding, with the Participating Settlement Class Member receiving an

12   IRS Form W-2; and (b) the other half of each Settlement Class Member Payment will be

13   treated as a settlement of the Participating Settlement Class Member's claim for liquidated

14   damages, exemplary damages, and interest and will be paid and reported on an IRS Form 1099.

15   (*Id.* ¶ 49.)

16         Within 14 days of the Settlement Effective Date, as defined in the Settlement

17   Agreement (*id.* at ¶ 10), Defendant will deposit the Gross Settlement Amount (plus the amount

18   calculated by the Settlement Administrator for the employer's portion of payroll taxes and also

19   any Settlement Administrator costs in excess of $2,500.00), into a Qualified Settlement Fund

20   established by the Settlement Administrator.  (*Id.* at ¶ 51.)  Within 14 days of Defendant

21   depositing the funds, the Settlement Administrator shall process all settlement awards and

22   prepare and distribute settlement award payment checks to Participating Settlement Class

23   Members, and will also distribute the Court-approved attorneys' fees and costs to Plaintiffs'

24   counsel.  (*Id.* at ¶ 52.)

25         If for any other reason there is a residual amount of the Gross Settlement Amount

26   remaining after final distribution and the expiration of the time period to cash settlement checks

JOINT MOTION FOR
PRELIMINARY APPROVAL
OF SETTLEMENT - 8
CASE NO. 2:17-CV-01266-RAJ

(120 days), the Settlement Agreement provides that such amount will be donated to the Employee Rights Advocacy Institute For Law & Policy, which is a non-profit tax-exempt charitable and educational organization under Section 501(c)(3) of the IRS Code. (*Id.* at ¶ 60.)

## ARGUMENT

## I.   CERTIFICATION OF PLAINTIFFS' CALIFORNIA STATE LAW CLAIMS UNDER FED. R. CIV. P. 23 IS APPROPRIATE FOR SETTLEMENT PURPOSES.

For purposes of settlement, the parties request certification of the Rule 23 California Settlement Class.  Even in the context of settlement, courts must determine whether the proposed representatives fulfill the requirements of Federal Rule of Civil Procedure 23. *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003); *Hanson v. MGM Resorts Int'l*, 2018 WL 3630284, at *2 (W.D. Wash. July 31, 2018) (Jones, J.); Fed. R. Civ. P. 23(e).  For a class to be certified, it must meet four prerequisites of Rule 23(a): numerosity, commonality, typicality, and adequacy. Fed. R. Civ. P. 23(a).  Because Plaintiffs seek to certify the class under Rule 23(b)(3), this class action must also satisfy the requirements of superiority and predominance. Fed. R. Civ. P. 23(b)(3).

Here, Plaintiffs have satisfied the class certification requirements for the proposed class of "all individuals who are or were employed by Defendant in California as Merchandisers, also referred to as Sales Merchandisers, at any time during the period from August 21, 2013 to December 3, 2018."

Because each of the requirements of Rule 23(a) and 23(b)(3) have been met, the Court should grant certification for purposes of settlement.

### A.   The Prerequisites of Rule 23(a) Are Satisfied for Purposes of Settlement

#### 1.   *The Proposed Class Meets the Numerosity Requirement*

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1).  The numerosity requirement is "not tied to any fixed numerical threshold." *Rannis v. Recchia*, 380 Fed. App'x 646, 651 (9th Cir. 2010).  However,

JOINT MOTION FOR
PRELIMINARY APPROVAL
OF SETTLEMENT - 9
CASE NO. 2:17-CV-01266-RAJ

**NICHOLS KASTER PLLP**
80 South Eighth Street, Ste. 4600
Minneapolis, MN 55402

courts generally find that classes of at least 40 members are sufficiently numerous to meet this requirement. *See, e.g.*, *Blough v. Shea Homes, Inc.*, 2014 WL 3694231, at *6 (W.D. Wash. July 23, 2014) (citing *Novella v. Westchester County,* 661 F.3d 128, 143 (2d Cir.2011) (reciting the view of many district courts that classes of 40 or more generally meet the numerosity requirement).

Here, the Rule 23 California Settlement Class consists of 44 Merchandisers and meets the standard for numerosity for settlement purposes.

### 2.    *The Proposed Class Shares Common Questions of Law and Fact*

Rule 23(a)(2) requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2).   To fulfill this requirement, all questions need not be common, "even a single common question will do." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 359 (2011) (internal quotations and alterations omitted).   The thrust of the commonality requirement is "the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation." *Id.* at 350.   Moreover, plaintiffs' "claims must depend upon a common contention . . . which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.*   The Ninth Circuit has articulated this prong as requiring "a single *significant* question of law or fact." *Abdullah v. U.S. Sec. Assocs., Inc.*, 731 F.3d 952, 957 (9th Cir. 2013) (italics in original) (quoting *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 589 (9th Cir. 2012)).

Here, questions of law and fact are common to the proposed class for settlement purposes.  The common issues asserted by Plaintiffs include: (1) whether Defendant improperly classified the Rule 23 California Settlement Class as exempt from overtime pay prior to Defendant reclassifying its Merchandisers in December 2016 and failed to pay them appropriate overtime compensation; (b) whether Defendant failed to pay the Rule 23 California Settlement Class appropriate overtime compensation after Defendant reclassified its Merchandisers as non-exempt under California law; (c) whether Defendant failed to pay final

JOINT MOTION FOR
PRELIMINARY APPROVAL
OF SETTLEMENT - 10
CASE NO. 2:17-CV-01266-RAJ

**NICHOLS KASTER PLLP**
80 South Eighth Street, Ste. 4600
Minneapolis, MN 55402

wages and provide accurate itemized wage statements to the Rule 23 California Settlement Class as required by Labor Code §§ 201, 202, 203 and 226; (d) whether Defendant failed to provide required rest and meal breaks to the Rule 23 California Settlement Class, in violation of Wage Order No. 4; Cal. Labor Code §§ 226 *et seq.*, 512; (e) whether Defendant violated the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.*; and (f) the proper measure of damages alleged by the Rule 23 California Settlement Class. (*See* First Amended Compl., ECF No. 87 at ¶ 61.)

Regardless of where or when they worked for Defendant, Plaintiffs maintain that proposed Class Representative Alcantar and the putative Rule 23 California Settlement Class shared the same primary job duties: merchandising Defendant's deli products. (ECF No. 20, Plfs.' Mot. For Conditional Cert. at 4-5.) Defendant did not pay them overtime compensation as a result of its classification decision, but they worked over 40 hours in a workweek. (*Id.*) And Defendant asserts the same exemption defenses as to the Merchandisers—the administrative and outside sales exemptions—both of which require an analysis on Merchandisers' job duties. 8 C.C.R. §§ 11040(1)(A)(2)(a); 11040(1)(C); 11040(2)(M). Because Plaintiff Alcantar and the putative Rule 23 California Settlement class performed the same primary duties, Plaintiffs assert that the applicability of either exemption defense would rise or fall together.

As to the itemized wage statement, final wages and UCL claims, the Court should certify these derivative claims because they similarly turn on the exemption analysis—if Merchandisers were non-exempt and worked overtime before December 2016, Plaintiffs allege that their wage statements were incomplete, those who have left employment were not paid all wages due at the time and are owed waiting time penalties and the failure to pay certain wages due under California law would give rise to liability under the UCL.

JOINT MOTION FOR
PRELIMINARY APPROVAL
OF SETTLEMENT - 11
CASE NO. 2:17-CV-01266-RAJ

NICHOLS KASTER PLLP
80 South Eighth Street, Ste. 4600
Minneapolis, MN 55402

Plaintiffs also allege the common claim that Defendant failed to provide and compensate her and other Merchandisers their legally required rest and meal breaks.  (First Amended Compl., ECF No. 87 at ¶ 39.)

Further, after Defendant reclassified its Merchandisers in approximately December 2016, it applied the same compensation plan to Plaintiff Alcantar and other Merchandisers. (First Amended Compl., ECF No. 87 at ¶ 45.)  More specifically, if Merchandisers recorded between 40 and 45 hours of overtime in a workweek, Defendant would pay them a lump sum of five hours of overtime.  (*Id*.)  Plaintiffs contend that the question of whether this compensation method complied with California law would apply to all Merchandisers.  Plaintiff Alcantar also alleges that she and other Merchandisers were required to perform work-related tasks during their lunch periods, and integral and indispensable work-related duties at their homes prior to leaving for the first store, or after returning home from their last store, such as checking email and phone messages, preparing for upcoming store visits and demonstrations, studying training scripts, and preparing reports. (*Id*.)  Plaintiffs allege that Merchandisers were not paid for such unrecorded hours, and determining whether such duties are compensable would rely on common evidence.

Lastly, individual damages issues generally cannot defeat certification. *See Leyva v. Medline Industries, Inc.*, 716 F.3d 510, 514 (9th Cir. 2013).

### 3.    *The Plaintiffs' Claims Are Typical of the Proposed Class Claims*

Fed. R. Civ. P. 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class."  The purpose of this requirement is "to assure that the interest of the named representative aligns with the interests of the class." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992).  This inquiry asks whether the representative claims are "reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).

JOINT MOTION FOR
PRELIMINARY APPROVAL
OF SETTLEMENT - 12
CASE NO. 2:17-CV-01266-RAJ

NICHOLS KASTER PLLP
80 South Eighth Street, Ste. 4600
Minneapolis, MN 55402

Here, proposed Class Representative Alcantar worked as a Merchandiser during the relevant time-frame in California, and her claims are the same as other Merchandisers: that Defendant failed to properly compensate her for hours worked and that Defendant failed to provide and compensate for missed rest and meal breaks under California law. All Merchandisers in this case claim they have suffered the same injury—unpaid overtime, along with missed and/or unpaid meal and rest breaks.

### 4.    *The Proposed Class Representative is Adequate*

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Hanlon*, 150 F.3d at 1020. Here, the proposed class representative, Plaintiff Alcantar, satisfies the adequacy requirement for settlement purposes because she seeks the same legal relief—overtime pay and meal and rest break compensation— as the proposed class. She shares the same interest in securing relief for the claims at issue, and there is no evidence of any conflict of interest.

Further, Plaintiff Alcantar has retained experienced counsel. Plaintiffs' counsel is qualified, experienced, and able to conduct this litigation on behalf of the proposed class. (Desai Decl. at ¶ 9; Ex. 5, Firm Resume.) Reena I. Desai is a Partner at Nichols Kaster, PLLP, and has represented thousands of employees in class and collective wage and hour cases for nearly 10 years. (Desai Decl. at ¶ 10.) For these reasons, the Court should appoint Nichols Kaster as class counsel pursuant to Fed. R. Civ. P. 23(g).

### B.    The Prerequisites of Rule 23(b)(3) Are Met for Settlement Purposes

Rule 23(b)(3) requires that "questions of law or fact common to class members predominate over any questions affecting only individual members," and a showing that a class action is a superior method of adjudication for the "fair and efficient adjudication of the

JOINT MOTION FOR
PRELIMINARY APPROVAL
OF SETTLEMENT - 13
CASE No. 2:17-CV-01266-RAJ

controversy." Fed. R. Civ. P. 23(b)(3).   This requirement determines whether the proposed class is "sufficiently cohesive" to warrant class treatment. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997).

First, the predominance requirement considers whether common issues in a proposed class action "are more prevalent or important than the non-common, aggregation-defeating, individual issues." *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1045 (2016) (internal quotations omitted).   "The main concern in the predominance inquiry . . . is the balance between individual and common issues." *Troy v. Kehe Food Distrib., Inc.*, 276 F.R.D. 642, 656 (W.D. Wash. 2011).  Here, all Rule 23 California Settlement Class Members share a common set of factual and legal issues that predominate, including: (1) Defendant's common compensation policies and basis for classifying the Rule 23 California Settlement Class Members as exempt during the relevant time period until approximately December 2016; (2) Defendant's uniform compensation structure for Merchandisers and time-keeping requirements from approximately December 2016 until the end of the relevant time period; (3) the common primary job duties shared by the Rule 23 California Settlement Class Members; and (4) Defendant's uniform meal and rest break policies and enforcement thereof. Therefore, the Rule 23 California Settlement Class meets the predominance requirement for settlement purposes.

Second, the court considers the following factors to determine superiority: (1) the class members' interests in individually controlling the prosecution or defense of separate actions; (2) the extent and nature of any litigation concerning the controversy already begun by or against class members; (3) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (4) the likely difficulties in managing a class action. Fed. R. Civ. P. 23(b)(3).  First, Plaintiffs' counsel is not aware of any putative class members who have expressed an interest in individually pursuing their claims against Defendant.   Second, Plaintiffs' counsel is not aware of any other lawsuits, either individuals or as a class, concerning Merchandisers' unpaid overtime claims against Defendant. Third, all of the Rule 23

JOINT MOTION FOR
PRELIMINARY APPROVAL
OF SETTLEMENT - 14
CASE NO. 2:17-CV-01266-RAJ

NICHOLS KASTER PLLP
80 South Eighth Street, Ste. 4600
Minneapolis, MN 55402

California Settlement Class Members worked for Defendant in California and are subject to Ninth Circuit precedent, making this forum appropriate.   Fourth, class certification for settlement purposes automatically satisfies the manageability factor. *See Amchem Prods., Inc.*, 521 U.S. at 620 ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems.").

### C.      The Court Should Appoint Plaintiffs' Counsel as Class Counsel

Generally, a court that certifies a class must appoint class counsel. *See* Fed. R. Civ. P. 23(g)(1)(A).  The Rule lists the following factors for consideration: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources counsel will commit to representing the class. *Id.*  The court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

Here, Plaintiffs request that Nichols Kaster be appointed as class counsel.  As explained above, Nichols Kaster has diligently litigated this action thus far, and after substantial investigation and analysis, negotiated a fair and reasonable settlement with the assistance of mediator Richard Sher.  As outlined in Nichols Kaster's Firm Resume, this firm has substantial credentials in class and collective action litigation. (*See* Desai Decl. at ¶ 11; Ex. 5, Firm Resume.)

## II.      THE COURT SHOULD GRANT PRELIMINARY APPROVAL OF THE PROPOSED SETTLEMENT

### A.      Applicable Legal Standard

The FLSA and Fed. R. Civ. P. 23(e) require judicial approval for the settlement of claims brought on a class and collective-action basis. 29 U.S.C. § 216(b); Fed. R. Civ. P. 23(e). A court may only approve a settlement on finding that it is fair, reasonable, and adequate. Fed.

JOINT MOTION FOR
PRELIMINARY APPROVAL
OF SETTLEMENT - 15
CASE NO. 2:17-CV-01266-RAJ

**NICHOLS KASTER PLLP**
80 South Eighth Street, Ste. 4600
Minneapolis, MN 55402

R. Civ. P. 23(e)(2); *see also Hanlon*, 150 F.3d at 1026.  This Court has considered the following factors to assess the fairness of a settlement:

> (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and view of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members of the proposed settlement.

*Hanson*, 2018 WL 3630284, at *4) (citing *In re Bluetooth Headset Prods. Liability Litig.*, 654 F.3d 935, 946 (9th Cir. 2011)); *see also* Fed. R. Civ. P. 23(e)(2) (outlining similar factors for approval of settlement).

In reviewing a proposed FLSA collective settlement, the Court "must determine whether the settlement represents a 'fair and reasonable resolution of a bona fide dispute.'" *Grewe v. Cobalt Mortg., Inc.*, 2016 WL 4014114, at *1 (W.D. Wash. July 27, 2016) (quoting *Selk v. Pioneers Mem'l Healthcare Dist.*, 159 F. Supp. 3d 1164 (S.D. Cal. 2016)).  If the Court determines that a bona fide dispute exists, then it determines whether the settlement is fair and reasonable. *Selk*, 159 F. Supp. 3d at 1172.  In doing so, the Court applies the requirements of Rule 23(e) by analogy to the FLSA context. *Id.*

### B.    A *Bona Fide* Dispute Exists Between the Parties

A bona fide dispute exists when plaintiffs' claims raise legitimate questions about "the existence and extent of Defendant's FLSA liability." *Ambrosino v. Home Depot U.S.A., Inc.*, 2014 WL 1671489, at *1 (S.D. Cal. Apr. 28, 2014).  The Court may not grant approval of a compromise settlement if plaintiffs are "clearly entitled to the compensation they seek." *Selk*, 159 F. Supp. 3d at 1174. "If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement in order to promote the policy of

JOINT MOTION FOR
PRELIMINARY APPROVAL
OF SETTLEMENT - 16
CASE NO. 2:17-CV-01266-RAJ

NICHOLS KASTER PLLP
80 South Eighth Street, Ste. 4600
Minneapolis, MN 55402

encouraging settlement of litigation." *Grewe*, 2016 WL 4014114, at *1 (internal citations omitted).

Here, the parties present a bona fide dispute related to Defendant's classification of Merchandisers as exempt employees under federal and state law overtime requirements and Defendant's partial lump-sum overtime payment method after reclassification of the Merchandiser position.  Defendant denies that it violated any federal or state wage and hour laws in either of these pay practices.  In response to Plaintiffs' claims as detailed above, Defendant argues that Merchandisers were properly classified as exempt prior to December 2016.  When Defendant reclassified Merchandisers in response to changes in the FLSA regulations, it maintains that it properly compensated Merchandisers for hours worked and overtime and properly provided meal and rest breaks as required.  Moreover, the parties dispute whether FLSA liquidated damages or a three-year statute of limitations period applies, whether a half-time or time-and-one-half multiplier to the overtime claims applies to calculate the amount of overtime damages owed (if any), the number of hours Plaintiffs worked, and other legal and factual disputes related to liability and damages.  Both parties firmly believe in the merits of their respective claims and defenses, but the parties agree that a compromise is appropriate given the time and expenses associated with continued litigation, along with the uncertainty of dispositive motion practice, trial, and appeal.  Thus, this factor weighs in favor of settlement approval.

**C.    The Proposed Settlement is Fair, Reasonable, and Adequate as Required by Fed. R. Civ. P. 23(e) and the FLSA**

> ### *1.    The Proposed Settlement Adequately Evaluates the Strength of the Case, the Risk of Further Litigation, and the Risk of Maintaining Class Action Status*

When evaluating the strengths and risks in further litigation, the court gives the "recommendations of plaintiffs' counsel . . . a presumption of reasonableness." *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008).  Moreover, continuing

JOINT MOTION FOR
PRELIMINARY APPROVAL
OF SETTLEMENT - 17
CASE NO. 2:17-CV-01266-RAJ

NICHOLS KASTER PLLP
80 South Eighth Street, Ste. 4600
Minneapolis, MN 55402

1    to litigate these claims through trial and appeals would be complex and expensive. *See Rinky*

2    *Dink, Inc. v. World Bus. Lenders, LLC*, 2016 WL 4052588, at *5 (W.D. Wash. Feb. 3, 2016).

3    The parties believe in the merits of their claims and defenses, but given the uncertainty of

4    subsequent motion practice and trial and the expenses associated with continuing discovery and

5    preparing for trial, they believe that this settlement is appropriate. The parties thus desire to

6    resolve this case by way of a negotiated settlement payment by Defendant in exchange for a

7    final judgment and release. *See Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350,

8    1354 (11th Cir. 1982) ("Thus, when the parties [to litigation] submit a settlement to the court

9    for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues

10   than a mere waiver of statutory rights brought about by an employer's overreaching.").

11              **2.      The Proposed Settlement Was Negotiated After Arm's-Length**
12                       **Negotiations**

13           Where both parties have conducted extensive investigation and discovery to assess the

14   strengths and weaknesses of a case, a court may find that the settlement was reached in an

15   informed, arm's-length manner. *See Collins v. Cargill Meat Sols. Corp.*, 274 F.R.D. 294, 302

16   (E.D. Cal. 2011).  Counsel for the parties participated in a full-day mediation before a neutral

17   third party, Richard Sher of Sher Corwin Winters LLC, and the parties ultimately accepted a

18   mediator's proposal.  Moreover, no evidence suggests that collusion or bad faith exists to

19   undermine the propriety of this settlement. *See Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1149

20   (8th Cir. 1999); *see also Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009)

21   (noting that the Ninth Circuit "put[s] a good deal of stock into the product of an arms-length,

22   non-collusive, negotiated resolution").

23              **3.      The Proposed Settlement Fairly and Adequately Compensates the**
                         **Settlement Classes**
24

25           In assessing the amount offered in settlement, the Court typically weighs the relief

26   obtained in the settlement against plaintiffs' expected recovery. *See, e.g.*, *Ikuseghan v.*

     *Multicare Health Sys.*, 2016 WL 3976569, at *4 (W.D. Wash. July 25, 2016) (comparing value

JOINT MOTION FOR
PRELIMINARY APPROVAL
OF SETTLEMENT - 18
CASE NO. 2:17-CV-01266-RAJ

**NICHOLS KASTER PLLP**
80 South Eighth Street, Ste. 4600
Minneapolis, MN 55402

of settlement to possible recovery at trial); *see also Harris v. Vector Mkt'g Corp.*, 2011 WL 1627973, at *9 (N.D. Cal. Apr. 29, 2011) (stating that courts consider plaintiffs' expected recovery balanced against the value of the settlement offer).

Here, Plaintiffs' counsel calculated the full potential recovery to be approximately $5,167,000, which assumes that the Court would have resolved all *bona fide* disputes in Plaintiff's favor.  There were many disputes that could have substantially reduced Plaintiff's potential recovery, including the statute of limitations and tolling thereof, the proper multiplier for overtime, and the hours worked, among others.  If the Court found that there was no liability, which was also a *bona fide* dispute between the parties, the recovery would be $0.  The $1,675,000 Gross Settlement Amount provides a significant recovery for Settlement Class Members, with an individual average recovery of approximately $9,900, *after* the deduction of attorneys' fees and out-of-pocket litigation costs, settlement administration costs, the contingency fund, and service payments.  Considering the risks of continued litigation, this recovery represents a sufficient amount to support preliminary approval. *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (finding a recovery of 1/6 of the potential recovery to be fair under the circumstances).

### 4.   Sufficient Discovery Was Undertaken Before Reaching the Proposed Settlement

Next, courts look to "whether the parties had enough information to make an informed decision about the strength of their cases and the wisdom of settlement." *Rinky Dink Inc.*, 2015 WL 11234156, at *5.  Completion of discovery is not necessary for approval of a class action settlement, "as long as discovery allowed the parties to form a clear view of the strengths and weaknesses of their cases." *Monterrubio v. Best Buy Stores, L.P.*, 291 F.R.D. 443, 454 (E.D. Cal. 2013).   Here, the parties have exchanged written discovery requests and responses.  Defendant produced hundreds of documents, including company policies, job descriptions, performance evaluations, and other documents related to Plaintiffs' job duties; payroll data, showing Merchandisers' weekly earnings and time-off from work; and timekeeping data for the

JOINT MOTION FOR
PRELIMINARY APPROVAL
OF SETTLEMENT - 19
CASE NO. 2:17-CV-01266-RAJ

post-reclassification period. Plaintiffs' counsel has individually interviewed the majority of Opt-in Plaintiffs, who provided good-faith estimates of unpaid overtime worked. The parties exchanged detailed and thorough mediation memoranda with factual support and legal authority supporting their relative positions. This information combined is more than sufficient for the parties to have a clear view of the strengths and weaknesses of their liability and damages arguments.

### 5. *The Parties' Counsel Proposing Settlement Are Experienced in Class and Collective Litigation*

Counsel for the parties are experienced wage and hour attorneys. (*See* Argument Section I.C., *supra*; *see also* www.littler.com (Defendant's Counsel's website).) Counsel for both sides have conducted a thorough investigation of the facts and law of the case and have advised their respective clients regarding the settlement. *See Wilson v. Venture Fin. Grp., Inc.*, 2011 WL 219692, at *2 (W.D. Wash. Jan. 24, 2011) (preliminarily approving settlement where the proponents of the settlement were experienced in the same type of litigation). Plaintiffs' counsel believes the settlement is fair, reasonable and adequate, and in the best interests of the proposed class.

### 6. *Settlement Class Members Will Have an Opportunity to Object to or Opt Out of the Settlement*

If the Court preliminarily approves the proposed settlement, each Settlement Class Member, as explained in the proposed Notices, will be given the opportunity to accept, to accept and object, or to reject/opt out of the settlement. Therefore, this opportunity weighs in favor of preliminary approval. *See Wilson v. Venture Fin. Grp., Inc.*, 2011 WL 219692, at *2 (W.D. Wash. Jan. 24, 2011) (finding settlement to be fair, in part, because each class member had the opportunity to opt out).

### 7. *Neither the Settlement Classes nor the Class Representatives Receive Unduly Preferential Treatment*

JOINT MOTION FOR
PRELIMINARY APPROVAL
OF SETTLEMENT - 20
CASE No. 2:17-CV-01266-RAJ

Under this factor, the Court determines whether the settlement provides preferential treatment to any class member. *Harris v. Vector Mkt'g Corp.*, 2011 WL 1627973, at *9 (N.D. Cal. Apr. 29, 2011).  The Ninth Circuit has recognized that service awards to named plaintiffs are permissible and do not render a settlement unfair or unreasonable. *See Stanton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003).  However, the court must examine whether there is a "significant disparity between the incentive awards and the payments to the rest of the class members such that it creates a conflict of interest." *Spann v. J.C. Penney Corp.*, 314 F.R.D. 312, 328 (C.D. Cal. 2016) (internal quotations omitted).  To do so, the court looks at the proportion of the payments with respect to the settlement amount, along with the actions that the named plaintiffs have taken to protect the class, the degree to which the class benefitted from those actions, and the amount of time and effort the named plaintiffs expended in pursuing the litigation. *Id.* (internal quotations omitted).

Here, each Opt-in Plaintiff and Rule 23 California Settlement Class Member has benefited from the work of Plaintiffs Rozeboom, LaValley and Alcantar.  Plaintiffs request preliminary approval of a service payment of $5,000 each to Plaintiff Rozeboom and Plaintiff LaValley, who are the two original Named Plaintiffs.  Named Plaintiffs Rozeboom and LaValley were instrumental in commencing this litigation by participating in Plaintiffs' counsel's investigation and serving as Named Plaintiffs to commence the lawsuit. (Desai Decl. at ¶ 12.)  Further, they actively participated in the case by responding to written discovery and by communicating with and providing information to counsel in preparation for mediation. (*Id.*) The Ninth Circuit has approved similar service awards in proportion to the overall settlement amount. *See, e.g.*, *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000) (approving incentive awards of $5,000 each to two class representatives in a settlement of $1.725 million).  Moreover, with regard to Plaintiff Alcantar, she provided important information to Plaintiffs' counsel, allowing for Plaintiffs to add the putative California Rule 23 claims in the First Amended Complaint. (*Id.* at ¶ 13.)  Without her participation and

1   willingness to serve as the Class Representative, the putative California Rule 23 allegations

2   may not have been possible to include during the settlement negotiations and ultimately the

3   First Amended Complaint. Accordingly, the proposed $2,000 service payment for Plaintiff

4   Alcantar is reasonable and should be preliminarily approved.

5                  **8.      *Plaintiffs' Counsel's Proposed Fee Request Is Not Excessive***

6          If the class action settlement includes an award of attorneys' fees, then the Court must

7   evaluate the fee award in the overall context of the settlement. *Ontiveros v.* Zamora, 2014 WL

8   3057506, at *15-16 (E.D. Cal. July 7, 2014) (internal quotations omitted).  The Court "ha[s] an

9   independent obligation to ensure that the award, like the settlement itself, is reasonable, even if

10  the parties have already agreed to an amount." *In re Bluetooth Headset Prods. Liab. Litgi.*, 654

11  F.3d 935, 941 (9th Cir. 2011).   The Court may defer ruling on the reasonableness of the

12  proposed attorneys' fee pending the final Fairness Hearing. The Ninth Circuit has established a

13  benchmark award for attorneys' fees of twenty-five percent of the common fund. *See Torrisi v.*

14  *Tucson Elec. Power Co.*, 8 F.3d 1370, 1376 (9th Cir. 1993).  The Court may reserve its ruling

15  on attorneys' fees pending the final approval hearing. *See Hanson*, 2018 WL 3630284, at *5

16  (reserving its ruling until review of plaintiff's motion for attorney's fees was filed); *see also*

17  *Ontiveros v. Zamora*, 2014 WL 3057506, at *15-16 (E.D. Cal. July 7, 2014).

18         Here, Plaintiff's counsel have agreed to limit their fee to the benchmark amount of 25%

19  of the Gross Settlement and will petition the Court for fees and costs in connection with final

20  approval.   As they will more fully explain in their petition for fees, Plaintiffs' counsel's fees

21  should be approved because counsel achieved an excellent result for Plaintiffs and the proposed

22  class and Plaintiffs' counsel litigated this case on a strictly contingency basis and took on risk

23  that it would not be paid for any of its efforts.  Plaintiffs' counsel also spent considerable time

24  and effort in prosecuting Plaintiffs' and the proposed class's claims, accruing approximately

25  $330,000 in fees to date, based on a preliminary review of contemporaneous time records.

26

JOINT MOTION FOR
PRELIMINARY APPROVAL
OF SETTLEMENT - 22
CASE NO. 2:17-CV-01266-RAJ

1  (Desai Decl. at ¶ 14.)  At this time, Plaintiffs' counsel requests that the Court defer ruling on

2  this issue until Plaintiffs' counsel files a full fee petition at the time of final approval.

3       **D.      The Court Should Approve the Parties' Rule 23 Notices.**

4       The content of the proposed Rule 23 Notices fully complies with due process and Rule

5  23.  (Exs. 2-4, FLSA Notice, Rule 23 Notice, and FLSA and Rule 23 Notice.)   Pursuant to the

6  Federal Rules, notice must provide:

7

8       [T]he best notice that is practicable under the circumstances, including individual notice
        to all members who can be identified through reasonable effort.  The notice may be by
9       one or more of the following: United States mail, electronic means, or other appropriate
        means.   The notice must concisely and clearly state in plain, easily understood
10      language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the
        class claims, issues, or defenses; (iv) that a class member may enter an appearance
11      through an attorney if the member so desires; (v) that the court will exclude from the
        class any member who requests exclusion; (vi) the time and manner for requesting
12      exclusion; and (vii) the binding effect of a class judgment on members under Rule
        23(c)(3).
13

14  Fed. R. Civ. P. 23(c)(2)(B).

15      The Rule 23 Notice proposed here satisfies each of these requirements.  It describes the

16  nature of the action, the class certified, the claims and defenses, the terms of the settlement,

17  provides a detailed explanation of how class members can participate, exclude themselves

18  from, or object to the settlement, informs the class members about their specific settlement

19  offers and allocation of attorneys' fees, provides specific information regarding the date, time,

20  and place of the final approval hearing, and explains the binding effect of a class judgment.

21  Accordingly, the detailed information in the proposed Notice is more than adequate to put

22  Settlement Class Members on notice of the proposed settlement and is within the requirements

23  of Rule 23(c)(2)(B).

24                        **CONCLUSION**

25      This settlement resulted from an arm's-length negotiation between counsel, which

26  resolves a *bona fide* dispute over alleged unpaid overtime wages.  The settlement is fair,

JOINT MOTION FOR
PRELIMINARY APPROVAL
OF SETTLEMENT - 23
CASE NO. 2:17-CV-01266-RAJ

NICHOLS KASTER PLLP
80 South Eighth Street, Ste. 4600
Minneapolis, MN 55402

1   reasonable, and adequate pursuant to Rule 23 and the FLSA.  Accordingly, the parties jointly

2   and respectfully request that this Court preliminarily approve the parties' settlement agreement

3   and enter the parties' proposed Order providing for: (1) preliminary approval of the settlement;

4   (2) certification of the proposed Rule 23 California Settlement Class for purposes of settlement;

5   (3) appointment of Nichols Kaster, PLLP as Class Counsel; (4) approval of the form and

6   distribution method of the proposed Notices of Settlement; and (5) scheduling of a final

7   approval hearing on the question of whether the proposed settlement should be finally approved

8   as fair, reasonable, and adequate as to the members of the Rule 23 California Settlement Class

9   and FLSA Collective.

10       DATED this 24th day of January, 2019.

11                                    **NICHOLS KASTER, PLLP**

12                          By:  /s/Reena I. Desai
13                               Reena I. Desai*
                                 Rebekah L. Bailey*
14                               Caroline E. Bressman*
                                 4600 IDS Center
15                               80 South Eighth Street
                                 Minneapolis, MN 55402
16                               Telephone: (612) 256-3200
                                 Facsimile: (612) 215-6870
17                               rdesai@nka.com
                                 bailey@nka.com
18                               cbressman@nka.com
19                               *Admitted Pro Hac Vice*

20                          **TERRELL MARSHALL LAW**
                            **GROUP PLLC**
21                          /s/Toby Marshall
22                          Toby Marshall, WSBA # 32726
                            936 North 34th Street, Suite 300
23                          Seattle, WA 98103
                            Telephone: (206) 816-6603
24                          Facsimile: (206) 350-3528
                            tmarshall@terrellmarshall.com
25

26                          *Attorneys for Plaintiffs, the FLSA Collective, and the*
                            *Putative Class Members*

JOINT MOTION FOR
PRELIMINARY APPROVAL
OF SETTLEMENT - 24
CASE NO. 2:17-CV-01266-RAJ

1

2 **LITTLER MENDELSON, P.C.**
/s/ Breanne S. Martell
3 Breanne Sheetz Martell, WSBA # 39632
Email: bsmartell@littler.com
4 One Union Square
600 University Street, Suite 3200
5 Seattle, Washington 98101
Telephone: (206) 623-3300
6 Facsimile: (206) 447-6965

7
*Attorneys for Defendant Dietz & Watson, Inc.*
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

JOINT MOTION FOR
PRELIMINARY APPROVAL
OF SETTLEMENT - 25
CASE NO. 2:17-CV-01266-RAJ

## CERTIFICATE OF SERVICE

I hereby certify that on the date stated below, I caused the following document(s):

Joint Motion for Preliminary Approval of FLSA and Rule 23 Settlement

to be filed electronically with the Clerk of Court through CM/ECF, and that CM/ECF

will send an e-notice of the electronic filing to all counsel of record.  Those parties who have

not registered for CM/ECF or those unable to accept electronic service will receive a copy of

the foregoing via U.S. Mail.


DATED: January 24, 2019                    /s/Reena I. Desai
                                           Reena I. Desai