UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHARON ROZEBOOM, ANTHONY LAVALLEY, BROOKE ALCANTAR, MARY BILSKI, MATTHEW BRESLIN, MICHAEL BRODSKY, KATHY BUCKLEY, GLENN COHEN, TERESA DOAN, JOAN DURANTE, CHRISTIAN GAVILANES, MICHAEL LAGOY, LAURA LAKOWSKI, THOMAS LOBELLO, KAYODE LOTT, THOMAS MAIER, JULIUS MALEK, TINA NESBITT, NELSON ORTEGA, MARK ROHAN, RODNEY ROSS, TRENT RUSSELL, SABINA SCHOEN, STEPHEN SHRADER, KATHLEEN SUCHAN, ROBERTA SUCHAN, ROBERT TOWNSEL, DOMINICK VITALE, AND RUTH WARREN INDIVIDUALLY AND/OR ON BEHALF OF ALL OTHER similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>DIETZ & WATSON, INC.,<br><br>Defendant. | Case No.: 2:17-cv-01266-RAJ<br><br>ORDER GRANTING JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT |

The above-titled matter came before this Court upon the Parties' Joint Motion for Preliminary Settlement Approval. Based upon the memoranda, exhibits, and all the files and proceedings herein, the Court makes the following:

**ORDER**

1. The Parties' Joint Motion for Preliminary Settlement Approval is **GRANTED**.

2. This Order incorporates by reference the definitions in the Parties' Settlement Agreement.

3. The Parties' Settlement Agreement is preliminarily approved as fair, reasonable, and adequate based on consideration of the criteria set forth in Fed. R. Civ. P. 23(e)(2) and relevant case law.

4. Pursuant to 29 U.S.C. § 216(b), the Court previously conditionally certified the following FLSA Collective pursuant to 29 U.S.C. § 216(b): All persons who are or were employed by Dietz & Watson, Inc. as Merchandisers, also referred to as Sales Merchandisers, or who were in other job titles performing similar duties, working within the United States at any time from three (3) years prior to the filing of the initial Complaint in this action.

5. For settlement purposes only, the following Rule 23 California Settlement Class is certified pursuant to Fed. R. Civ. P. 23, pending final approval of the settlement: All individuals who are or were employed by Defendant in California as Merchandisers, also referred to as Sales Merchandisers, at any time during the period from August 21, 2013 to December 3, 2018. The Court finds that the prerequisites of Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied for the Rule 23 California Settlement Class for settlement purposes only. Specifically, the Court finds as follows:

   a. The Rule 23 California Settlement Class is so numerous that joinder of all members is impracticable.

   b. There are questions of law and fact common to the Rule 23 California Settlement Class, including but not limited to, whether Defendant failed to pay overtime compensation, pay final wages, provide accurate itemized wage statements, and provide required rest and meal breaks.

   c. The claims of named Plaintiff Brooke Alcantar are typical of the claims of the Rule 23 California Settlement Class, and Ms. Alcantar and Class Counsel will fairly and adequately protect the interests of the Rule 23 California Settlement Class.

d. Certification of the Rule 23 California Settlement Class under Fed. R. Civ. P. 23(b)(3) is appropriate for purposes of settlement because questions of law and fact common to the settlement class members predominate over questions affecting individual members, and a class action is superior to other available means for the fair and efficient resolution of this controversy.

6. Nichols Kaster, PLLP is appointed as Class Counsel.

7. Nichols Kaster, PLLP is appointed as the settlement administrator to disseminate and process the Notices.

8. Plaintiff Brook Alcantar is appointed as the Rule 23 California Settlement Class Representative.

9. JND Legal Administration is appointed the settlement administrator to process and disseminate the settlement funds.

10. The form, content, and distribution method of the parties' proposed FLSA Notice, Rule 23 Notice, and FLSA and Rule 23 Notice is approved. The Court finds that the notice procedure set forth in the Settlement Agreement and its exhibits provides the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort, and complies with the requirements of Fed. R. Civ. P. 23(c)(2) and the requirements of due process.

11. Defendant is ordered to provide Class Counsel with the names, last known addresses, and last known personal email address and last known telephone number (if available) of all putative Rule 23 California Settlement Class members who are not also Opt-in Plaintiffs within seven (7) days of this Order.

12. Class Counsel is ordered to distribute the Notices no later than seven (7) days after receiving the putative Rule 23 California Settlement Class members' contact information from Defendant via U.S. postal mail and email to all persons who are eligible to participate in this settlement.

13. The Opt-in Plaintiffs shall have sixty (60) days to return a signed Release of Claims Form to participate in the settlement. The Rule 23 California Settlement Class members shall also

have sixty (60) days to exclude themselves from the California portion of the settlement or file their objection thereto. All Settlement Class Members who wish to object to, exclude themselves from, or reject the settlement must do so in accordance with the Settlement Agreement and the instructions contained in the applicable Notice. Settlement Class Members who do not reject or exclude themselves from the settlement will be bound by any final judgment and the release as set forth in the parties' Settlement Agreement and the Notices. Unless otherwise ordered by the Court, any Settlement Class Member who does not make his or her objection in the manner provided for herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection (by appeal or otherwise) to the proposed settlement.

14. The parties shall file their Motion for Final Approval at least 14 days before the Final Approval Hearing.

15. Class Counsel shall file their motion for Attorneys' Fees, Costs, and Service Awards to the Class Representatives at least 14 days before the Final Approval Hearing.

16. The Court will conduct a Final Approval Hearing on **MAY 17, 2019 at 9:00 AM** to determine the overall fairness of the settlement and to determine the amount of attorneys' fees and costs to Class Counsel and Service Awards to the Class Representatives. The Final Approval Hearing may be continued without further notice to Class Members.

17. This Order and the settlement are not admissions or concessions by Defendant of any liability or wrongdoing. This Order is not a determination of liability and does not constitute any opinion of this Court as to the merits of the claims and defenses in this action.

18. This action shall be stayed pending further proceedings in connection with the effectuation of the settlement, except such actions and proceedings that may be necessary to implement the settlement and this Order.

19. If Final Approval does not occur, the Parties shall be returned to the status quo ex ante, for all litigation purposes, as if no settlement had been negotiated or entered into; and thus, this Order and all other findings or stipulations regarding the settlement shall be automatically void and vacated.

20. Counsel for the Parties are hereby authorized to utilize all reasonable and mutually agreed procedures in connection with the administration of the settlement which are not materially inconsistent with either this Order or the terms of the Settlement Agreement.

21. This Court retains jurisdiction to consider all further matters arising out of or connected with the settlement.

SO ORDERED this 31st day of January, 2019.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

-5-
ORDER GRANTING JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT