THE HONORABLE RICHARD A. JONES

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHARON ROZEBOOM, ANTHONY LAVALLEY, BROOKE ALCANTAR, MARY BILSKI, MATTHEW BRESLIN, MICHAEL BRODSKY, KATHY BUCKLEY, GLENN COHEN, TERESA DOAN, JOAN DURANTE, CHRISTIAN GAVILANES, MICHAEL LAGOY, LAURA LAKOWSKI, THOMAS LOBELLO, KAYODE LOTT, THOMAS MAIER, JULIUS MALEK, TINA NESBITT, NELSON ORTEGA, MARK ROHAN, RODNEY ROSS, TRENT RUSSELL, SABINA SCHOEN, STEPHEN SHRADER, KATHLEEN SUCHAN, ROBERTA SUCHAN, ROBERT TOWNSEL, DOMINICK VITALE, AND RUTH WARREN INDIVIDUALLY AND/OR ON BEHALF OF ALL OTHER similarly situated individuals, | Case No.: 2:17-cv-01266-RAJ<br><br>**JOINT MOTION FOR FINAL APPROVAL OF FLSA AND RULE 23 SETTLEMENT** |
| Plaintiffs, | |
| v. | |
| DIETZ & WATSON, INC. | |
| Defendant. | |

JOINT MOTION FOR FINAL APPROVAL
OF FLSA AND RULE 23 SETTLEMENT - 1
CASE NO. 2:17-CV-01266-RAJ

**NICHOLS KASTER PLLP**
80 South Eighth Street, Ste. 4600
Minneapolis, MN 55402

# INTRODUCTION

On the parties' joint motion for preliminary approval of the settlement, the Court granted certification of the Rule 23 Settlement Class under California law and found the settlement to be fair, reasonable and adequate. (Preliminary Approval Order, ECF No. 89.) It directed Class Counsel to distribute the settlement notice to the Rule 23 California Settlement Class members, Plaintiffs, and Opt-in Plaintiffs to provide them with an opportunity to request exclusion and/or be heard on their objections at the final approval hearing. (*Id*. at ¶¶ 12-13.) The Court also set the final approval hearing for May 17, 2019, to determine the overall fairness of the settlement and to determine the amount of attorneys' fees and costs to Class Counsel and Service Awards to the Class Representatives. (*Id*. at ¶ 16.)

The period for the 120 Opt-in Plaintiffs and Rule 23 California Settlement Class members ("Settlement Class Members") expired on April 12, 2019, and no one objected to or requested exclusion from the settlement. The parties jointly and respectfully request that the Court grant the parties' motion for final approval of the settlement.

## PROCEDURAL AND FACTUAL HISTORY

### I. LITIGATION, SETTLEMENT, AND PRELIMINARY APPROVAL

On August 21, 2017, Plaintiffs filed a collective and class action, alleging that Defendant failed to properly pay them and other similarly situated Merchandisers overtime pay in violation of the FLSA, 29 U.S.C. § 201, *et seq.*, Washington state wage and hour law, and Massachusetts state wage and hour law. (Compl., ECF No. 1.) Defendant denies liability and contends that its Merchandisers were properly classified as exempt from federal and state overtime laws, and thus were not entitled to overtime wages, along with other defenses. (Answer, ECF No. 14 at ¶ 53.)

On November 6, 2017, Plaintiffs moved to conditionally certify a nationwide FLSA collective action of Merchandisers, which the Court granted on May 17, 2018. (Order, ECF No. 33.) The parties engaged in mediation on November 29, 2018, with experienced mediator Richard Sher of Sher Corwin Winters LLC in St. Louis, Missouri. The parties reached an

JOINT MOTION FOR FINAL APPROVAL
OF FLSA AND RULE 23 SETTLEMENT - 2
CASE NO. 2:17-CV-01266-RAJ

**NICHOLS KASTER PLLP**
80 South Eighth Street, Ste. 4600
Minneapolis, MN 55402

agreement on the date of the mediation, after accepting a mediator's proposal, and executed a memorandum of understanding on December 3, 2018. (ECF No. 88.) The parties executed their complete settlement agreement on January 4, 2019. (Settlement Agreement and Release of Claims, ECF No. 88-2.).

As contemplated by the proposed settlement, Plaintiffs filed a First Amended Complaint that removed the putative Washington Rule 23 class, added a putative California Rule 23 class, added individual state law claims that correspond with certain Plaintiffs' FLSA claims and other California wage and hour claims, and specified the assertion of overtime claims to cover the period after Defendant reclassified Merchandisers as non-exempt employees in December 2016. (*See* First Am. Compl., ECF No. 87.) Defendant maintains that its post-reclassification method of paying overtime compensation complied with state and federal overtime laws.

On January 24, 2019, the parties moved for preliminary approval of the proposed settlement. (ECF No. 88.) On January 31, 2019, the Court granted the parties' motion and preliminarily approved the proposed settlement as fair, reasonable, and adequate. (Order, ECF No. 89.) The Court's Order also certified the Rule 23 California state law class for settlement purposes, appointed Nichols Kaster as class counsel and as the settlement administrator to disseminate and process Notices, appointed JND Legal Administration as the settlement administrator to process and disseminate the settlement funds, and approved the form, content and distribution method of the parties' FLSA Notice, Rule 23 Notice, and FLSA and Rule 23 Notice. (*Id.*)

Class Counsel disseminated by mail and email the Court-approved notices to all 120 Settlement Class Members: 91 FLSA Opt-In Plaintiffs (15 of whom are Rule 23 California Settlement Class members), and 29 Rule 23 California Settlement Class members on February 11, 2019. (Desai Decl. ¶ 4.) Class Counsel additionally mailed and emailed a reminder notice to all Rule 23 Settlement Class members on March 20, 2019. (*Id.*) Lastly, throughout the last month of the notice period, Class Counsel either called or emailed Settlement Class Members

JOINT MOTION FOR FINAL APPROVAL
OF FLSA AND RULE 23 SETTLEMENT - 3
CASE NO. 2:17-CV-01266-RAJ

**NICHOLS KASTER PLLP**
80 South Eighth Street, Ste. 4600
Minneapolis, MN 55402

reminding them of the deadline. (*Id.*) At the end of the 60-day notice period, all eligible FLSA Opt-in Plaintiffs returned a signed release. (*Id.* ¶ 5.) No one objected to or requested exclusion from the settlement. (*Id.*) Lastly, only four of the twenty-one Rule 23 California Settlement Class members who had eligible FLSA claims did not return an FLSA release[1]; they will receive settlement funds for their California claims only. (*Id.*)

## II. SETTLEMENT ALLOCATION

The parties agreed to settle the claims for all eligible Settlement Class members for $1,675,000.00 ("Gross Settlement Amount"). (ECF No. 88-2 ¶ 20.) After deducting attorneys' fees of $418,750.00 (25% of the Gross Settlement Amount, subject to Court approval); litigation expenses in the amount of $14,000.00; settlement administration costs up to $2,500.00; and Named Plaintiff service payments (up to $5,000.00 each to Plaintiffs Rozeboom and LaValley and up to $2,000.00 to Plaintiff Brooke Alcantar), a net settlement fund of $1,225,250.00 was allocated on a *pro rata* basis to the 120 Settlement Class Members. (*Id.* ¶ 23.)

To calculate each Settlement Class Member's *pro rata* settlement payment, Class Counsel used each individual's payroll, non-work hours, and timekeeping data from Defendant. (Desai Decl. ¶ 6.) Using this data and interviews with Opt-In Plaintiffs, Class Counsel conducted an individualized analysis of each Settlement Class Member's potential damages, weeks worked during the relevant statutory period, salary earnings, and non-work hours as reflected in the payroll data and applied a uniform estimate of overtime hours worked each week. (*Id.*) Additional discounts were applied to both the California Rule 23 overtime claims and to the remaining California Rule 23 claims (i.e., meal and rest break, waiting time, and itemized wage statement claims) to account for additional risks of litigation, including certification, based on the assessment of Class Counsel. (*Id.*) To provide meaningful recovery for Settlement Class

---

[1] One Rule 23 Settlement Class members submitted an untimely FLSA release, but the parties agreed to include his FLSA claim. The FLSA funds allocated to the California Rule 23 Settlement Class members who did not return an FLSA release will be reallocated pro rata to individuals who returned an FLSA release.

JOINT MOTION FOR FINAL APPROVAL
OF FLSA AND RULE 23 SETTLEMENT - 4
CASE NO. 2:17-CV-01266-RAJ

**NICHOLS KASTER PLLP**
80 South Eighth Street, Ste. 4600
Minneapolis, MN 55402

Members' FLSA claims, the parties agreed to institute a $250.00 minimum settlement amount floor. (*Id.*)

After the April 12, 2019 deadline, Class Counsel calculated the final allocation, which accounts for $819.91 remaining in the Contingency Fund[2], $1,451.44 (the difference between Class Counsel's anticipated costs of $14,000 and actual costs of $12,708.96), and $4,072.06 in unclaimed FLSA funds allocated to the California Rule 23 Settlement Class members who did not return an FLSA release. (*Id.* ¶ 7.) The net settlement fund increased from $1,225,250.00 to $1,231,593.41. (*Id.*)

After deducting attorneys' fees, litigation and settlement administration expenses, a contingency fund, and Named Plaintiff service payments, the average recovery for each Settlement Class Member is $10,229.27, with settlement payments ranging from $251.32 to $37,487.69. The settlement allocations are attached as Exhibit 1 (with names redacted).

## ARGUMENT

### I.     THE COURT SHOULD GRANT FINAL APPROVAL OF THE SETTLEMNT

This Court preliminarily approved the proposed settlement as fair, adequate, and reasonable. (ECF No. 89.) Since preliminary approval, Class Counsel distributed notice, with no Settlement Class Members submitting objections or requesting exclusion. The settlement will distribute excellent payments that represent good value for Settlement Class Members' claims, particularly when compared with the uncertainty and risk of continued litigation. The Court should approve the settlement so that Settlement Class Members may receive their settlement payments.

**A. The Settlement Is Fundamentally Fair, Reasonable, and Adequate under Fed. R. Civ. P. 23(e).**

---

[2] The parties used $1,680.09 of the $2,500 contingency fund to make an additional settlement offer to an individual who contacted Class Counsel during the settlement notice period. (Desai Decl. ¶ 8.) The parties agreed to include her in the settlement, as she has similar claims of alleged unpaid overtime compensation against Defendant as other Opt-in Plaintiffs.

JOINT MOTION FOR FINAL APPROVAL
OF FLSA AND RULE 23 SETTLEMENT - 5
CASE NO. 2:17-CV-01266-RAJ

**NICHOLS KASTER PLLP**
80 South Eighth Street, Ste. 4600
Minneapolis, MN 55402

As discussed in the parties' motion for preliminary approval of the settlement, in the Ninth Circuit, courts evaluate whether a proposed Rule 23 class settlement is fair, reasonable, and adequate by looking to the following factors: (1) the strength of plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998); *see also* Fed. R. Civ. P. 23(e)(2) ("If the [settlement] proposal would bind class members, the court may approve it only after a hearing and only on finding that it is fair, reasonable, and adequate."). Settlements procured prior to class certification "create[] a greater potential for a breach of a fiduciary duty owed to the class . . . [and] must withstand an even higher level of scrutiny for evidence of collusion or other conflicts of interest . . . before securing the court's approval as fair." *Rodriguez v. Danell Custom Harvesting, LLC*, 327 F.R.D. 375, 383 (E.D. Cal. 2018) (quoting *Radcliffe v. Experian Info. Sols. Inc.*, 715 F.3d 1157, 1168 (9th Cir. 2013) (internal quotations omitted)). As outlined below, each of the factors supports final approval of the proposed settlement.

### *1. The Proposed Settlement Adequately Evaluates the Strength of the Case, the Risk of Further Litigation, and the Risk of Maintaining Class Action Status.*

When evaluating the strengths and risks in further litigation, the court gives the "recommendations of plaintiffs' counsel . . . a presumption of reasonableness." *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008). Moreover, continuing to litigate these claims through trial and appeals would be complex and expensive. *See Rinky Dink, Inc. v. World Bus. Lenders, LLC*, 2016 WL 4052588, at *5 (W.D. Wash. Feb. 3, 2016). The parties believe in the merits of their claims and defenses, but given the uncertainty of subsequent motion practice and trial and the expenses associated with continuing discovery and preparing for trial, they believe that this settlement is appropriate. The parties thus desire to resolve this case by way of

JOINT MOTION FOR FINAL APPROVAL
OF FLSA AND RULE 23 SETTLEMENT - 6
CASE NO. 2:17-CV-01266-RAJ

**NICHOLS KASTER PLLP**
80 South Eighth Street, Ste. 4600
Minneapolis, MN 55402

a negotiated settlement payment by Defendant in exchange for a final judgment and release. *See Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1354 (11th Cir. 1982) ("Thus, when the parties [to litigation] submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching."). This factor weighs in favor of settlement approval.

### 2. *The Proposed Settlement Fairly and Adequately Compensates the Settlement Classes.*

In assessing the amount offered in settlement, the Court typically weighs the relief obtained in the settlement against plaintiffs' expected recovery. *See, e.g.*, *Ikuseghan v. Multicare Health Sys.*, 2016 WL 3976569, at *4 (W.D. Wash. July 25, 2016) (comparing value of settlement to possible recovery at trial); *see also Harris v. Vector Mkt'g Corp.*, 2011 WL 1627973, at *9 (N.D. Cal. Apr. 29, 2011) (stating that courts consider plaintiffs' expected recovery balanced against the value of the settlement offer).

Here, Class Counsel calculated the full potential recovery to be approximately $5,167,000, which assumes that the Court would have resolved all *bona fide* disputes in Plaintiffs' favor. There were many disputes that could have substantially reduced Plaintiffs' potential recovery, including the statute of limitations and tolling thereof, the proper multiplier for overtime, and the hours worked, among others. If the Court found that there was no liability, which was also a *bona fide* dispute between the parties, the recovery would be $0. The $1,675,000 Gross Settlement Amount provides a significant recovery for Settlement Class Members, *after* the deduction of attorneys' fees and out-of-pocket litigation costs, settlement administration costs, the used portion of the contingency fund, and service payments. (*See* Ex. 1, Settlement Allocations.) Moreover, no one objected to or requested exclusion from the settlement, and all FLSA Opt-in Plaintiffs returned a release, which confirms that the settlement amount is fair and adequate. *Barbosa v. Cargill Meat Sols. Corp.*, 297 F.R.D. 431, 447 (E.D. Cal.

JOINT MOTION FOR FINAL APPROVAL
OF FLSA AND RULE 23 SETTLEMENT - 7
CASE NO. 2:17-CV-01266-RAJ

**NICHOLS KASTER PLLP**
80 South Eighth Street, Ste. 4600
Minneapolis, MN 55402

2013) (noting that the lack of objections favored final approval of settlement). Considering the risks of continued litigation, this recovery represents a sufficient amount to support final approval. *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (finding a recovery of 1/6 of the potential recovery to be fair under the circumstances).

### 3. Sufficient Discovery Was Undertaken Before Reaching the Proposed Settlement.

Next, courts look to "whether the parties had enough information to make an informed decision about the strength of their cases and the wisdom of settlement." *Rinky Dink Inc.*, 2015 WL 11234156, at *5; *see also Walsh v. CorePower Yoga LLC*, 2017 WL 4390168, at *7 (N.D. Cal. Oct. 3, 2017). Completion of discovery is not necessary for approval of a class action settlement, "as long as discovery allowed the parties to form a clear view of the strengths and weaknesses of their cases." *Monterrubio v. Best Buy Stores, L.P.*, 291 F.R.D. 443, 454 (E.D. Cal. 2013). Here, the parties have exchanged written discovery requests and responses. Defendant produced hundreds of documents, including company policies, job descriptions, performance evaluations, and other documents related to Plaintiffs' job duties; payroll data, showing Merchandisers' weekly earnings and time-off from work; and timekeeping data for the post-reclassification period. Class Counsel has individually interviewed the majority of Opt-in Plaintiffs, who provided good-faith estimates of alleged unpaid overtime worked. The parties exchanged detailed and thorough mediation memoranda with factual support and legal authority supporting their relative positions. This information combined is more than sufficient for the parties to have a clear view of the strengths and weaknesses of their liability and damages arguments.

### 4. The Parties' Counsel Proposing Settlement Are Experienced in Class and Collective Litigation.

The court accords "great weight" to the views of counsel, because they are the ones most closely acquainted with the facts of the underlying litigation. *Nat'l Rural Telecomm. Coop. v.*

JOINT MOTION FOR FINAL APPROVAL
OF FLSA AND RULE 23 SETTLEMENT - 8
CASE NO. 2:17-CV-01266-RAJ

**NICHOLS KASTER PLLP**
80 South Eighth Street, Ste. 4600
Minneapolis, MN 55402

*DIRECTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004). Absent fraud or collusion, then courts "should rely upon the judgment of experienced counsel for the parties" when considering the adequacy of a proposed settlement. *Barbosa v. Cargill Meat Sols. Corp.*, 297 F.R.D. 431, 447 (E.D. Cal. 2013); *see also Hughes v. Microsoft Corp.*, 2001 WL 34089697, at *7 (W.D. Wash. Mar. 26, 2001) ("A presumption of correctness is said to attach to a class settlement reached in arms-length negotiations between experienced capable counsel after meaningful discovery.") (internal quotations omitted)).

Counsel for the parties are experienced wage and hour attorneys. (*See* ECF No. 88.) Counsel for both sides have conducted a thorough investigation of the facts and law of the case and have advised their respective clients regarding the settlement. *See Wilson v. Venture Fin. Grp., Inc.*, 2011 WL 219692, at *2 (W.D. Wash. Jan. 24, 2011) (preliminarily approving settlement where the proponents of the settlement were experienced in the same type of litigation). Class Counsel believes the settlement is fair, reasonable, and adequate, and in the best interests of the proposed class.

### *5. Presence of a Governmental Participant.*

The Class Action Fairness Act ("CAFA") requires each defendant participating in a proposed settlement of a class action to provide notice to appropriate state and federal officials. *See* 28 U.S.C. § 1715(b). Here, Defendant provided CAFA notice to the Attorney General of the United States and the Office of the Attorney General for the State of California. (Desai Decl. ¶ 10.) Neither official has raised concerns about this settlement, and therefore, this factor weighs in favor of approving the proposed settlement. *See Noll v. eBay, Inc.*, 309 F.R.D. 593, 608 (N.D. Cal. 2015) (finding that because no officials had responded to the CAFA notice, that the presence of a government participant factor favored settlement).

### *6. Settlement Class Members Have Responded Positively to the Proposed Settlement.*

Few objections to a proposed settlement raise a "strong presumption" that a settlement is

JOINT MOTION FOR FINAL APPROVAL
OF FLSA AND RULE 23 SETTLEMENT - 9
CASE NO. 2:17-CV-01266-RAJ

**NICHOLS KASTER PLLP**
80 South Eighth Street, Ste. 4600
Minneapolis, MN 55402

favorable. *Millan v. Cascade Water Servs., Inc.*, 2016 WL 3077710, at *8 (E.D. Cal. May 31, 2016). Here, the reaction of the Settlement Class Members strongly supports approval. Of the 120 Settlement Class Members, no one has objected to or requested exclusion from the settlement. (Desai Decl. ¶ 5.) Class Counsel received signed release forms from all FLSA Opt-in Plaintiffs. (*Id.*) This participation rate and lack of objections or requests for exclusion weigh heavily in favor of final approval.

### 7. There Is No Evidence of Collusion.

In considering approval of a class action settlement prior to class certification, the court must consider whether there is evidence of collusion or other conflicts of interest. *Rodriguez v. Danell Custom Harvesting, LLC*, 327 F.R.D. 375, 389 (E.D. Cal. 2018) (citing *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011)). The Ninth Circuit has identified three signs of collusion: "(1) when counsel receive a disproportionate distribution of the settlement, or when the class receives no monetary distribution but class counsel are amply rewarded; (2) when the parties negotiate a 'clear sailing' arrangement providing for the payment of attorneys' fees separate and apart from class funds . . .; and (3) when the parties arrange for fees not awarded to revert to defendants than be added to the class fund." *Id.* (quoting *In re Bluetooth*, 654 F.3d at 947). None of these factors weighs toward denying the proposed settlement.

First, the Settlement Class Members are receiving a substantial award with $1,231,593.41 being distributed to the class, while Class Counsel are only seeking 25% of the common fund. *See Rodriguez*, 327 F.R.D. at 389 (finding that an award of more than one million dollars being distributed to the class while class counsel only sought 25% of the common fund did not present signs of collusion). Plaintiffs' contemporaneously filed Motion for Attorneys' Fees and Costs, and Named Plaintiff Service Payments justifies this award as reasonable.

Second, the fact that the parties agreed to a "clear sailing" provision where Defendant would not object to Class Counsel's separate request for attorneys' fees does not warrant denying

JOINT MOTION FOR FINAL APPROVAL
OF FLSA AND RULE 23 SETTLEMENT - 10
CASE NO. 2:17-CV-01266-RAJ

**NICHOLS KASTER PLLP**
80 South Eighth Street, Ste. 4600
Minneapolis, MN 55402

final approval, as the attorneys' fees award is subject to Court approval and the Court's decision will not impact the enforceability of the settlement. *See id.* (approving settlement despite "clear sailing" provision in settlement agreement because the requested attorneys' fees come from the settlement fund and are reasonable); *Deaver v. Compass Bank*, 2015 WL 8526982, at *9 (N.D. Cal. Dec. 11, 2015) (approving settlement despite presence of a "clear sailing" provision).

Third, the settlement agreement does not contemplate a reversion to Defendant. The Settlement Agreement provides that funds allocated to individuals who opt-out of the settlement be retained by Defendant, but Defendant would not receive a release as to those individuals' claims. (ECF No. 88-2 ¶ 43.) Regardless, this provision is irrelevant because not a single Settlement Class Member objected, opted out, or withdrew their consent, and thus, none of the settlement funds will be retained by Defendant.

Additionally, the Western District of Washington recognizes that "arm's-length negotiations by competent counsel are prima facie evidence of fair settlement." *Ikuseghan v. Multicare Health Sys.*, 2016 WL 3976569, at *4 (W.D. Wash. July 25, 2016). As detailed in the parties' motion for preliminary approval of settlement (ECF No. 88) and in Section I.A.6, *infra*, this settlement represents an arms-length negotiation between skilled counsel who are familiar with wage and hour class action litigation. Moreover, the result was reached after a full-day mediation with a skilled and experienced mediator who ultimately obtained agreement with a mediator's proposal. Therefore, this factor weighs in favor of approving the proposed settlement.

**B. Additional Factors Considered Pursuant to the Recently Amended Rule 23.**

The 2018 Amendments to Federal Rule of Civil Procedure 23(e) enumerate factors for courts to evaluate whether a settlement is fair, reasonable, and adequate. The Committee Notes to this Amendment emphasize that these factors do not displace other factors developed by circuit courts, but instead, the Amendments seek "to focus the court and the lawyers on the core concerns of procedure and substance that should guide the decision whether to approve the proposal." Fed. R. Civ. P. 23(e) (Committee Notes on Rules—2018 Amendments). This section addresses

JOINT MOTION FOR FINAL APPROVAL
OF FLSA AND RULE 23 SETTLEMENT - 11
CASE NO. 2:17-CV-01266-RAJ

**NICHOLS KASTER PLLP**
80 South Eighth Street, Ste. 4600
Minneapolis, MN 55402

additional factors under Rule 23(e) that have not already been addressed.

### *1. The Proposed Method of Distributing Relief to the Settlement Class Is Effective.*

The Court approved the parties' proposed forms of Notice and their proposal to use JND Legal Administration as the Settlement Administrator. (Order, ECF No. 89.)  The Notices explained the process for submitting requests for exclusions or rejections of the settlement.  At no point did Class Counsel receive any such requests for exclusion or rejections. (Desai Decl. ¶ 5.)  Upon final approval by the Court, the Settlement Administrator will be responsible for distributing the Gross Settlement Amount and administering required tax withholdings. (Settlement Agreement and Release of Claims, ECF No. 88-2 ¶ 29.) The Settlement Administrator shall distribute settlement award payment checks to Settlement Class Members. (*Id.* ¶ 52.)  Accordingly, this factor weighs in support of final approval.

### *2. The Terms of the Proposed Attorney's Fees Aware Are Fair.*

If the class action settlement includes an award of attorneys' fees, then the Court must evaluate the fee award in the overall context of the settlement. *Ontiveros v. Zamora*, 2014 WL 3057506, at *15–16 (E.D. Cal. July 7, 2014) (internal quotations omitted).  The Court "ha[s] an independent obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011).  The Court may defer ruling on the reasonableness of the proposed attorneys' fee pending the final Fairness Hearing.  The Ninth Circuit has established a benchmark award for attorneys' fees of twenty-five percent of the common fund. *See Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1376 (9th Cir. 1993).  The Court may reserve its ruling on attorneys' fees pending the final approval hearing. *See Hanson v. MGM Resorts Int'l*, 2018 WL 3630284, at *5 (W.D. Wash. July 31, 2018) (reserving its ruling until review of plaintiff's motion for attorney's fees was filed); *see also Ontiveros v. Zamora*, 2014 WL 3057506, at *15–16 (E.D. Cal. July 7, 2014).

Here, Class Counsel has agreed to limit their fee to the benchmark amount of 25% of the

JOINT MOTION FOR FINAL APPROVAL
OF FLSA AND RULE 23 SETTLEMENT - 12
CASE NO. 2:17-CV-01266-RAJ

**NICHOLS KASTER PLLP**
80 South Eighth Street, Ste. 4600
Minneapolis, MN 55402

Gross Settlement Amount and petitions this Court for fees and costs contemporaneously with this motion. As fully explained in their separate petition for fees, Class Counsel's fees should be approved because counsel achieved what it has determined to be an excellent result for Plaintiffs and the Settlement Class, and Class Counsel litigated this case on a strictly contingency basis and took on risk that it would not be paid for any of its efforts. Class Counsel also spent considerable time and effort in prosecuting Plaintiffs' and the Settlement Class's claims, accruing approximately $391,025.00 in fees.

### 3. *The Proposal Treats Settlement Class Members Equitably Relative To Each Other.*

Under this factor, the Court determines whether the settlement provides preferential treatment to any class member. *Harris v. Vector Mkt'g Corp.*, 2011 WL 1627973, at *9 (N.D. Cal. Apr. 29, 2011). The Ninth Circuit has recognized that service awards to named plaintiffs are permissible and do not render a settlement unfair or unreasonable. *See Stanton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003). However, the court must examine whether there is a "significant disparity between the incentive awards and the payments to the rest of the class members such that it creates a conflict of interest." *Spann v. J.C. Penney Corp.*, 314 F.R.D. 312, 328 (C.D. Cal. 2016) (internal quotations omitted). To do so, the court looks at the proportion of the payments with respect to the settlement amount, along with the actions that the named plaintiffs have taken to protect the class, the degree to which the class benefitted from those actions, and the amount of time and effort the named plaintiffs expended in pursuing the litigation. *Id.* (internal quotations omitted).

Here, each Opt-in Plaintiff and Rule 23 California Settlement Class member has benefited from the work of Plaintiffs Rozeboom, LaValley, and Alcantar. For the reasons set forth in the motion for attorneys' fees, costs, and named plaintiff service payments filed contemporaneously with this motion, the proposed service payments of $5,000 each to Plaintiff Rozeboom and Plaintiff LaValley and $2,000 to Plaintiff Alcantar are fair and should be approved.

Further, each Settlement Class member's settlement amount was calculated in the same

JOINT MOTION FOR FINAL APPROVAL
OF FLSA AND RULE 23 SETTLEMENT - 13
CASE NO. 2:17-CV-01266-RAJ

**NICHOLS KASTER PLLP**
80 South Eighth Street, Ste. 4600
Minneapolis, MN 55402

way, using the same assumptions and data. Accordingly, this factor weighs in favor of approval.

### C. The Court Should Approve the FLSA Settlement.

Settlements of FLSA collective action claims also require court approval. *Rodriguez v. Danell Custom Harvesting, LLC*, 327 F.R.D. 375, 384 (E.D. Cal. 2018). To approve the settlement of an FLSA claim, the court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute." *Id.* at 386 (quoting *Nen Thio v. Genji, LLC*, 14 F. Supp. 3d 1324, 1333 (N.D. Cal. 2014)).

As described above and in the parties' motion for preliminary approval of settlement (ECF No. 88), the settlement was the result of arms-length negotiations. The parties contested whether Merchandisers were exempt from federal and state overtime requirements and whether Defendant's overtime payment method after reclassification of the Merchandiser position was sufficient. The parties also disputed the amount of overtime hours Merchandisers may have worked, whether Defendant acted in good faith compliance with the FLSA, and whether the Defendant acted willfully in violating the FLSA, among other contested issues. Recognizing the uncertain legal and factual issues involved, the parties engaged in mediation with a skilled and experienced mediator and ultimately reached this settlement. During the litigation and at the mediation conference, Plaintiffs and Defendant were represented by experienced counsel. The settlement was the result of good faith, arms-length negotiations, and accordingly, the parties request that the Court approve the FLSA settlement.

### CONCLUSION

This settlement is the product of an arms-length negotiation between the parties and their counsel, which resolves a *bona fide* dispute over unpaid overtime wages. The settlement is fair, adequate, and reasonable, and it provides all Settlement Class Members with significant monetary relief. Accordingly, the parties jointly and respectfully request that the Court grant the parties' motion for final approval of the settlement.

JOINT MOTION FOR FINAL APPROVAL
OF FLSA AND RULE 23 SETTLEMENT - 14
CASE NO. 2:17-cv-01266-RAJ

**NICHOLS KASTER PLLP**
80 South Eighth Street, Ste. 4600
Minneapolis, MN 55402

DATED this 3rd day of May, 2019.

**NICHOLS KASTER, PLLP**

By: /s/ Reena I. Desai
Reena I. Desai*
Rebekah L. Bailey*
Caroline E. Bressman*
4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Facsimile: (612) 215-6870
rdesai@nka.com
bailey@nka.com
cbressman@nka.com
*Admitted Pro Hac Vice*

**TERRELL MARSHALL LAW GROUP PLLC**
/s/ Toby Marshall
Toby Marshall, WSBA # 32726
936 North 34th Street, Suite 300
Seattle, WA 98103
Telephone: (206) 816-6603
Facsimile: (206) 350-3528
tmarshall@terrellmarshall.com

*Attorneys for Plaintiffs, the FLSA Collective, and the Putative Class Members*

**LITTLER MENDELSON, P.C.**
/s/ Breanne Sheetz Martell
Breanne Sheetz Martell, WSBA # 39632
Email: bsmartell@littler.com
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101
Telephone: (206) 623-3300
Facsimile: (206) 447-6965

*Attorneys for Defendant Dietz & Watson, Inc.*

JOINT MOTION FOR FINAL APPROVAL
OF FLSA AND RULE 23 SETTLEMENT - 15
CASE NO. 2:17-CV-01266-RAJ

**NICHOLS KASTER PLLP**
80 South Eighth Street, Ste. 4600
Minneapolis, MN 55402

## CERTIFICATE OF SERVICE

I hereby certify that on the date stated below, I caused the following document(s):

Joint Motion for Final Approval of FLSA and Rule 23 Settlement

to be filed electronically with the Clerk of Court through CM/ECF, and that CM/ECF will send an e-notice of the electronic filing to all counsel of record. Those parties who have not registered for CM/ECF or those unable to accept electronic service will receive a copy of the foregoing via U.S. Mail.

DATED: May 3, 2019           /s/Reena I. Desai
                             Reena I. Desai